AUSTIN HUMPHREY Impl'd, etc.,

v.

MERRIT T. COLE.

1. STATUTE OF LIMITATIONS—CONSTRUCTION OF WORDS "WHEN A CAUSE OF ACTION HAS ARISEN," ETC.—Under the decision of the Supreme Court, the words "when a cause of action has arisen," as they occur in the Statute of Limitations (Section 20) should be construed as meaning when jurisdiction exists in the courts of a State to adjudicate between the parties upon the particular cause of action if properly invoked, or in other words, when the plaintiff has the right to sue the defendant in the courts of the State upon the particular cause of action, without regard to the place where the cause of action had its origin.

2. TWENTY YEARS LIMITATION—PRESUMPTION.—An instrument sued upon was made in Illinois, April 21, 1857, payable in six months after date. The defendant, one of the joint makers, left Illinois in 1859 and went to Nebraska, where he has continued to reside until the present time. In 1874 the note was presented to defendant in Nebraska for payment, and payment thereof refused by him. By the statutes of Nebraska an action on the instrument would be barred there after the period of five years. Suit was brought in Illinois against defendant in 1880. *Held*, that as the instrument in suit appears on its face to have been due more than twenty years prior to the bringing of this suit, the common law presumption of payment arising from such lapse of time, necessarily arises, as there is nothing in the facts stipulated or in the evidence sufficient to rebut such presumption. Especially is that so as to the joint maker, Parmenter. Payment by him would extinguish the claim the same as if made by defendant.

ERROR to the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding. Opinion filed November 16, 1883.

This action was brought in the court below, August 16, 1880, by Cole, as the assignee of the payees, against Humphrey and Parmenter as the makers of the instrument of which the following is a copy:

"$1,389.91. Rock Island, Ill., April 21, 1857. Six months after date we promise to pay to the order of Fenton, Lee & Co., one thousand, three hundred and eighty-nine 91-100 dol-

lars at Fish, Goodall & Co.'s office, with current rate of exchange on New York, value received.

"Humphrey & Parmenter."

Indorsed—"Pay M. T. Cole or order.

"Fenton, Lee & Co."

The declaration contained a count upon said instrument, and the common counts. The defendant, Humphrey, alone was served, and he pleaded the general issue, a plea of payment, also pleas of the Statute of Limitations of the State of Illinois and of the State of Nebraska, on which issue was taken and the case tried before the court, upon the following stipulation as to the facts and evidence of the statutes of the State of Nebraska:

"It is hereby stipulated and agreed that the above case may be submitted to the court for trial on call, without a jury, a jury being hereby waived.

"The following are admitted facts: The defendant, Austin Humphrey, resided in the State of Illinois from April, 1857, until April 1, 1859, when he left the State of Illinois and became a resident of the Territory, now State of Nebraska, and has continued to reside there until the present time, and has not been a resident of this State since April 1, 1859. That on or about the 1st of September, 1874, the promissory note sued on in this case was presented to said Austin Humphrey for payment at Lincoln, in the State of Nebraska, and payment thereof refused by him.

"The plaintiff is now a resident of the State of Illinois. The payees of the said note, Fenton, Lee & Co., were residents of the State of New York at the time the note bears date. It is agreed that plaintiff on the trial may read the note sued on in evidence. That the defendant may read, after proper proof, and offer in evidence the statutes of Nebraska.

"The plaintiff may, if he thinks it material, prove when he became a resident of the State of Illinois.

"And that no other proof is to be offered by either party on the trial.

"Mr. Blanchard, attorney for plaintiff.

"Chas. F. White, attorney for defendant, Humphrey."

Filed June 5, 1883.

PLAINTIFF'S EVIDENCE.—Plaintiff gave in evidence on his behalf the promissory note set out in the declaration, and rested.

DEFENDANT'S EVIDENCE.—And thereupon defendant, Humphrey, gave in evidence on his behalf the following portions of the printed statute books of the State of Nebraska, purporting to be printed under the authority of the State of Nebraska, viz.:

"Chapter 57. Code of civil procedure."

"Title 11. Time of commencing actions."

"Section 9. Civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued."

"Section 10. Within five years on actions upon a specialty or any agreement, contract or promise in writing, or foreign judgment."

Which was all the evidence introduced on the trial of this cause.

And thereupon the court gave judgment for the plaintiff and against the defendant, Austin Humphrey, for $3,531, being the amount of the principal of said note, to wit, $1,389.91, and interest thereon at 6 per cent. from October 24, 1857, to date of judgment, said interest amounting to $2,141.09.

To which decision and judgment of the court, the defendant, Austin Humphrey, then and there excepted.

To reverse which the defendant brings error to this court.

Mr. C. F. WHITE, for plaintiff in error; that at common law a note, bond or other evidence of indebtedness is presumed, after a lapse of twenty years, to be paid, and the burden of proving non-payment by evidence other than the note itself is thrown upon the party seeking to establish a liability on such note, cited Wells v. Washington, 6 Munf. (Va.) 532; Kline v. Kline, 20 Penn. 503; Reed v. Reed, 46 Penn. 238; Sanborn v. Olmstead, 1 Chand. (Wis.) 190; Lyon v. Adde, 63 Barb. (N. Y.) Pr. 89; Sellers v. Holman, 20 Penn. 321;

Humphrey v. Cole.

McKinder v. Littlejohn, 4 Ired. (N. C.) L. 200; Smith v. Benton, 15 Mo. 371; Clemens v. Wilkinson, 10 Mo. 97; Carr v. Dings, 54 Mo. 100; Kilpatrick v. Breashear, 10 Heisk. (Tenn.) 374; Yarnell v. Moore, 3 Cald. (Tenn.) 171; Walker v. Wright, 2 Jones (N. C.) L. 156; Pearsall v. Houston, 3 Jones (N. C.) L. 346; Brine v. Brine, 2 Ired. (N. C.) 87; McDaniel v. Goodale, 2 Cald. (Tenn.) 391; Grantham v. Canaan, 38 N. H. 270; Smithpeter v. Ison, 4 Rich. (S. C.) 203; Rogers v. Judd, 5 Vt. 236; McQueen v. Fletcher, 4 Rich. (S. C.) Eq. 152; O'Brien v. Holland, 3 Blackf. (Ind.) 490; Morris v. Funk, 23 Penn. St. 421; Sparhawk v. Buell, 9 Vt. 41; Woodhouse v. Simmons, 73 N. C. 30; Grant v. Burgwyn, 84 N. C. 560; Rowland v. Windley, 86 N. C. 38; Wilfgong v. Cline, 1 Jones (N. C.) L. 500; Jarvis v. Albro, 60 Me. 310; Didleke v. Robb, 1 Woods, 680; Clark v. Clement, 33 N. H. 563; Downs v. Sooy, 28 N. J. Eq. 55; McCormick v. Evans, 33 Ill. 327.

A statute providing for the limitation of actions does not abrogate or change the common law presumption of payment arising from the lapse of time: Byles on Bills, 296; Carr v. Dings, 54 Mo. 95; Sanderson v. Olmstead, 1 Chand. (Wis.) 190; Reed v. Reed, 46 Penn. 238; Hale v. Pack, 10 W. Va. 145; Smithpeter v. Ison, 4 Rich. (S. C.) 203; Greenleaf on Ev., § 39.

The bar raised by the Statute of Limitations prohibits an action; the presumption which the law raises after the lapse of twenty years that a debt has been paid, *prima facie* obliterates the debt: Reed v. Reed, 46 Penn. 238; McDaniel v. Goodale, 2 Cold. (Tenn.) 391; Thompson v. Thompson, 2 Head, 406.

Evidence to rebut this presumption of payment must be that, the legitimate tendency of which is to disprove the payment: Wood v. Deen, 1 Ired. (N. C.) L. 230; Reed v. Reed, 46 Penn. 238; McDaniel v. Goodale, 2 Cold. (Tenn.) 391; Thompson v. Thompson, 2 Head (Tenn.), 406; Smith v. Benton, 15 Mo. 371; Grantham v. Canaan, 38 N. H. 270; Kilpatrick v. Breashear, 10 Heisk. (Tenn.) 374; McKinder v. Littlejohn, 4 Ired. (N. C.) L. 200; Wells v. Washington, 6 Munf. (Va.) 532; Yarnell v. Moore, 3 Cold. (Tenn.) 173.

Absence of a debtor from the State where the contract was made or to be performed does not prove, and does not tend to prove, that the debt had not in fact been paid: Kline v. Kline, 20 Penn. 503; Sanderson v. Olmstead, 1 Chand. (Wis.) 190; McKinder v. Littlejohn, 4 Ired. (N. C.) 200; Thompson v. Thompson, 2 Head, 406.

Neither does a demand of payment within twenty years before suit brought, met by a refusal to pay: Sellins v. Holman, 20 Pa. St. 321; Palmer v. Dubois, 1 Mill's (S. C.) Const. 178.

When there are two joint payors or obligors, and the presumption of payment has attached to the instrument sued on, proof of circumstances which rebut the presumption as to one of them, or even proof that one of them has not paid the debt, will not rebut the presumption that the debt is paid: Wilfgong v. Cline, 1 Jones (N. C.) L. 500; Boardman v. Deforest, 5 Conn. 8; Rowland v. Windley, 86 (N. C.) 38; Pearsall v. Houston, 3 Jones (N. C.) L. 346; Powell v. Breakley, Busb. (N. C.) 154; Frazer v. Perdivaux, 1 Bailey (S. C.), 172.

The note sued on was fully barred by the limitation laws of the State of Nebraska prior to the commencement of this suit, and no suit can be maintained on said note in this State: R. S., Ch. 83, § 20; Hyman v. Bayne, 83 Ill. 256; Hyman v. McVeigh, 10 Legal News, 157; Osgood v. Artt, U. S. Ct. (Ill.) 1882, (unreported); Bemis v. Stanley, 93 Ill. 230; Wernse v. Hall, 101 Ill. 423.

Mr. M. BLANCHARD, for defendant in error; that the lapse of twenty years is only a circumstance on which to found a presumption, and is not of itself a bar, cited Jackson v. Price, 1 Johnson, 414; McDowell v. Charles, 6 Johns. Ch. 32; Oswald v. Leigh, 1 Tenn. 271; Wood on Limitation of Actions, 339; Lyon v. Adde, 63 Barb. 95.

Slighter circumstances are sufficient to repel the presumption than are required to take a case out of the Statute of Limitations: Foulk v. Brown, 2 Watts, 215; Eby v. Eby, 5 Barr. 437–8.

Humphrey v. Cole.

The legal presumption is nothing more than a transfer of the *onus* of proof from the debtor to the creditor: 2 Wharton on Ev., § 1361; Reed v. Reed, 46 Penn. 242.

The presumption only raises a *prima facie* case against the plaintiff: Stout v. Leone, 3 Barr. 235; Ankering v. Penrose, 18 Penn. 193; Dunlap v. Ball, 2 Cranch, 180; Bailey v. Johnson, 16 Johns. 210.

In England, where this doctrine of presumption arose, the rule is, " continued residence abroad rebuts the presumption": Newman v. Newman, 1 Starkie Ca. 101; Heller v. Waller, 12 Veasey, 266; Flandong v. Winter, 19 Veasey, 200; Starkie on Ev. (10th ed.) 74.

In this country it is held in many of the States that absence of the debtor from the State during the greater part of twenty years rebuts the presumption of payment, whether the absence be in a remote or an adjoining State: Daggett v. Tollman, 8 Conn. 168; Lynde v. Dunne, 3 Conn. 387; Boardman v. Deforest, 5 Conn. 1; Clark v. Clement, 33 N. H. 563; Jackson v. Pierce, 1 Johns. 417; Bailey v. Pierce, 16 Johns. 214; Shields v. Prengle, 2 Bibb (Ky.), 387; 2 Best on Ev., § 402; Locke v. Caldwell, 91 Ill. 417.

McALLISTER, P. J. We are of opinion that under the uncontroverted facts proved and stipulated, the defendant below was entitled to judgment upon the following grounds: The action was barred by the Statute of Limitations. Section twenty of that statute, R. S. 1874, p. 676, is as follows: When a cause of action has arisen in a State or Territory out of this State, or in a foreign country, and by the laws thereof an action thereon can not be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State.

Now it is true that the instrument sued upon was made in this State, April 21, 1857, payable in six months from that date to payees, residing in the State of New York; but it was payable at the office of Fish, Goodale & Co., and where that was located does not appear. It appears that the defendant below, Humphrey, left this State, April 1, 1859, and went to

Nebraska to reside, and has remained a resident there ever since, a period of upward of twenty years. It also appears by the statutes of Nebraska that an action on the instrument in question would be barred there after the period of five years.

It will be presumed that there were courts in the State of Nebraska which had jurisdiction of such cases, when properly invoked. Such courts were always, during the time of Humphrey's residence there, open to the payees mentioned in said instrument, or to the plaintiff below, whose place of residence during that time does not appear.

In Hyman v. McVeigh, decided by the Supreme Court in 1878, reported in the Chicago Legal News, Vol. 10, p. 157, and mentioned among the unreported cases at the end of 87th Ill., the phrase in our statute, "when a cause of action has arisen in a State or Territory out of this State," was construed. And the court say the words, "when a cause of action has arisen" as they occur in the statute pleaded, should be construed as meaning when jurisdiction exists in the courts of a State to adjudicate between the parties upon the particular cause of action, if properly invoked, or in other words, when the plaintiff has the right to sue the defendant in the courts of the State upon the particular cause of action, without regard to the place where the cause of action had its origin."

We are unable to perceive any reason from the facts of this case, why it is not governed by said section twenty of our limitation law, under the construction of that section so given by the Supreme Court.

When the instrument in suit was introduced in evidence it appeared on its face to have been due more than twenty years prior to the bringing this suit. That being so, then according to the weight of the authorities cited by the counsel for Humphrey in his very thorough and comprehensive brief, it seems to us that the common law presumption of payment arising from such lapse of time, necessarily arose from what thus appeared; and that there is nothing in the facts stipulated or in the evidence, sufficient to rebut that presumption; especially is that so as to the joint maker, Parmenter. Payment

by him would extinguish the claim the same as if made by Humphrey. That is elementary law.

Being of opinion that, upon the facts stipulated and the proper inference to be drawn therefrom, the judgment below should have been for the defendant, it is therefore reversed.

Judgment reversed.