## William McGuigan, Jr., v. Alonzo Rolfe.

1. WORDS AND PHRASES—" When a Cause of Action has Arisen."— The construction of the words "When a cause of action has arisen," as they occur in Chap. 83, Sec. 20, R. S. Ill., should be as meaning, when jurisdiction exists in the courts of a State to adjudicate between the parties upon the particular cause of action if properly invoked; or, in other words, when the plaintiff has the right to sue the defendant in the courts of the State, upon the particular cause of action, without regard to the place where the cause of action has its origin, is limited to cases where both parties reside out of this State when the action accrues, and continue to reside out of this State until the action is barred by the laws of the foreign State where the domicile existed.

2. SAME—The Word "Accrue" Defined.—To " accrue " is to " arise in due course;" " in law, to become a present and enforceable demand."

3. LIMITATIONS—Presumptions as to Actions Arising in a Foreign State, Not Barred in Illinois.—Where the plaintiff becomes a resident of this State a few months after the cause of action accrues to him in another State, and a bar of the foreign statute is not raised by plea, the court can not presume it was barred in the foreign State, where the action is not barred in Illinois.

4. CONTRACTS—Remedies Lex Fori.—Remedies on contracts are to be pursued according to the law of the place where the action is instituted, and not by the law of the place where the contract is made.

5. SAME—Lex Loci Contractus.—Personal contracts have the same interpretation and obligatory force in every other country, which they have in the country where they are made or are to be executed.

Attachment.—Trial in the County Court of Cook County, on appeal from a justice of the peace; the Hon. WALES W. WOOD, Judge, pre-

McGuigan v. Rolfe.

siding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed February 14, 1899.

Dale & Francis, attorneys for appellant.

James H. Ward and William B. Bradford, attorneys for appellee; Alfred Moore, of counsel.

This particular question is not decided by any case of our courts, which we have found, and must be decided upon principle rather than authority. It depends upon the question whether, under section 18, a cause of action "accrued" to appellee, as against appellant, when appellee became a "resident" of this State. Wooley v. Yarnell, 142 Ill. 442; Humphrey v. Cole, 14 Ill. App. 62; Hibernian Banking Ass'n v. Com. Nat. Bk., 157 Ill. 524; Wheeler et al. v. Wheeler et al., 134 Ill. 522.

Even if appellant properly pleaded or otherwise suggested the Illinois statute of limitations and the Arkansas statute, and properly proved the latter by evidence, the judgment is correct as rendered, because appellee was a resident here before appellant became a resident of Arkansas, and that the Illinois statute did not run while he was in the State of Arkansas, because appellee became a resident here before he located in Arkansas.

The statute of limitations of another State must be pleaded, if it is to be relied upon as a defense here. L., N. A., etc., Ry. Co. v. Shires, 108 Ill. 617; Hyman v. Bayne, 83 Ill. 256.

Mr. Presiding Justice Freeman delivered the opinion of the court.

Appellant was sued before a justice of the peace upon an open account alleged to have been contracted prior to July 1, 1882, in Detroit, Michigan, where both plaintiff and defendant then resided. Plaintiff moved to Chicago in the fall of that year, and has since resided in Illinois. In November, 1883, the defendant moved to Kansas City, and about a year later to Kentucky. There he remained until

some time in 1889, when he moved to Arkansas, where he has since continued to reside.

At the trial in the County Court on appeal from the justice, appellant read in evidence the statutes of Arkansas to show that actions upon open accounts are barred in that State in three years; and the statutes of Kentucky to show that such actions are barred in the latter State within five years from the time when such actions accrue.

It is contended that the action is barred in Illinois, by the statute, as follows:

" When a cause of action has arisen in a State or Territory out of this State, or in a foreign country, and by the laws thereof an action thereon can not be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State." Rev. Stat., Chap. 83, Sec. 20.

This provision has been construed in Hyman v. McVeigh, mentioned in 87 Ill. 708, in a table of unreported cases, and reported in the Chicago Legal News, Vol. 10, p. 157. The case is referred to in Wooley v. Yarnell, 142 Ill., on page 449, and also in Humphrey v. Cole, 14 Ill. App. 56. The Supreme Court in that case, Hyman v. McVeigh, used the following language:

" The words, ' when a cause of action has arisen,' as they occur in the statute pleaded, should be construed as meaning when jurisdiction exists in the courts of a State to adjudicate between the parties upon the particular cause of action if properly invoked; or, in other words, when the plaintiff has the right to sue the defendant in the courts of the State, upon the particular cause of action, without regard to the place where the cause of action had its origin. This was the view taken in Hyman v. Bayne, 83 Ill. 256, although not discussed at length in the opinion, and we do not conceive that the question need be discussed now."

In Wooley v. Yarnell (above cited) it is said that in Hyman v. Bayne and Hyman v. McVeigh :

" As will be found upon an examination of the record, the maker and payee both resided out of this State, at the maturity of the cause of action sued on, and when the cause of action accrued, and so remained until an action was barred in and by the laws of the foreign State where the domicile existed. What was said in Hyman v. McVeigh, must be

limited and confined to the facts presented by the record then before the court, that neither the maker nor the payee of the note, at the time the cause of action arose, resided in Illinois."

It will be seen that in the above quotation, the words "cause of action accrued" and "cause of action arose," appear to be used interchangeably. In the Century Dictionary one of the definitions of "accrue" is, "Arise in due course," and another is, "in law, to become a present and enforceable demand." A cause of action may properly, we think, be said to accrue, when the liability arises so far as to become enforceable.

The construction of section 20, as given in Hyman v. McVeigh, must then be limited and confined to causes where not only both parties resided out of this State when the action accrued, but both parties continued to reside out of the State, and "so remained until an action was barred in and by the laws of the foreign State where the domicile existed."

In the case at bar these conditions do not apply. The plaintiff became a resident of this State a few months after the cause of action accrued to him in Michigan. We can not presume it was then barred in Michigan. No such defense is set up. If there had been pleadings in the case, a bar of the Michigan statute could be raised by plea. There being no pleadings, it could have been presented by the introduction of the Michigan statute in evidence to sustain such defense, if it was relied upon. But it is not relied upon. It is not claimed it was then barred in Michigan. The reliance of the defense is upon the statutes of Kentucky and Arkansas, which were read in evidence.

The plaintiff became a resident of Illinois. His cause of action was a present and enforceable demand whenever the defendant could be bound here. He was under no obligation to follow the defendant to Missouri, Kentucky, and finally to Arkansas, and bring an action there. But, as is said in Wooley v. Yarnell, *supra*, on page 450, "he had the right to wait until the defendant returned to the State, and

then sue, and rely upon section 18 of the statute, should the defendant rely upon the time of his absence to create a bar to the action." The cause of action having accrued against the defendant, the action could be commenced against him, as it was, within the time limited by the statute, after his coming into the State.

In Angell on Limitations, Chap. VIII, the author says, referring to Story on Conflict of Laws: "That *remedies* on contracts are to be regarded and pursued according to the law of the place where the action is instituted, and not by the law of the place where the contract is made;" and he also says: "that personal contracts are to have the same validity, interpretation, and obligatory force in every other country which they have in the country where they are made or are to be executed."

In Banking Ass'n v. Com. Nat. Bank, 157 Ill. 524, 539, it was held that section 20 did not apply, "for the reason that the cause of action accrued in this State before his departure, and it could not be said to have arisen in Dakota."

In the case before us, the cause of action accrued before the defendant went to Arkansas or Kentucky.

In Humphrey v. Cole, 14 Ill. App. 56, it was said that under the facts, that case was governed by Hyman v. McVeigh. But the instrument sued on was payable at a place, the location of which did not appear, nor did the place of residence of the plaintiff appear during the time of the residence of the defendant in a foreign State. The views therein expressed as to the statute of limitations were unnecessary to the decision, it appearing that the debt had " been due more than twenty years prior to the bringing the suit," and hence the common law presumption of payment had arisen from such lapse of time.

The bar of section 20 of the statute of limitations being the only error relied upon, the judgment of the County Court must be affirmed.

MR. JUSTICE HORTON.

I concur in the result, but not in certain portions of the opinion.