### Patrick H. O'Donnell, Adm'r, v. James F. Lewis.

1. STATUTE OF LIMITATIONS—*Construction of the Phrase "Where a Cause of Action Has Arisen."*—The phrase in section 20 of chapter 83, R. S., "When a cause of action has arisen," has been construed to mean when jurisdiction existed in the courts of another state to adjudicate between the parties upon the principal cause of action. In such case, if by the law of the foreign state an action upon this cause can not there be maintained, that is a fact which the courts of this state will—must—recognize.

2. COURTS—*Permitting Litigation of Claims Arising in Foreign Countries.*—The law of this state which permits the litigation in the courts of this state, of claims that have arisen in foreign countries, has no extra-territorial operation, although the controversy may involve the consideration and determination of what the laws of a foreign state are. The law of a foreign state is a fact that may here give rights for the withholding of which our courts may afford a remedy.

Assumpsit, upon a promissory note. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 28, 1902.

May 8, 1899, there was begun in the Superior Court an action of assumpsit upon two promissory notes made in the State of West Virginia, August 10 and 29, 1881, respectively; the note first made becoming due thirty days after date and the note made August 29th maturing sixty days after its date; each note was payable at Augusta National Bank, Staunton, Virginia. Among other pleas filed by the defendant were two setting up substantially

O'Donnell v. Lewis.

that the causes of action accrued in Virginia, to wit, October 5, 1881; that at that time neither the defendant nor the party in whose favor the actions accrued were residents of Illinois; that subsequent to the accrual of the actions in Virginia the defendant became a resident of the State of New York; that the laws of New York bar such actions in six years; that no action was ever brought on said notes in New York; that defendant lived in New York for more than six years after the accrual of the said actions, and that therefore the said actions are barred by the laws of New York. To these pleas, a demurrer interposed by the plaintiff was overruled. The defendant also filed a plea which set up that the causes of action mentioned in the declaration did not accrue within ten years next before the commencement of the suit. To this the plaintiff replied that at the time of the accrual of the actions herein, the defendant was not a resident of Illinois, that defendant first became a resident of Illinois after the accrual of the actions in 1890, and plaintiff avers he commenced the action hereon within ten years next after the defendant first became an inhabitant of Illinois. Whereupon defendant rejoined that at the time of the accrual of the actions herein, neither the defendant nor the party in whose favor the action accrued were residents of Illinois. The plaintiff's demurrer to this rejoinder was overruled, and judgment for the defendant was had in the action.

THOMAS A. MORAN and CHILTON P. WILSON, attorneys for appellant.

GOODRICH, VINCENT & BRADLEY, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The contention of appellant that the statute of limitations of Illinois does not begin to run on a cause of action that accrued in a foreign state until the defendant comes within the jurisdiction of courts of this state is based principally upon his contention that the laws of a country can not be made to operate beyond its territory.

Statutes of limitation do not and are not intended to control action outside of the domain of the power by which they are created; they do not discharge the cause of action, *i. e.*, the obligation out of which the cause of action arose; they merely fix a time within which, in the courts of the state, action upon such cause must be begun in order to further continue the existence of the plaintiff's right there to prosecute his claim.

As in certain actions the courts of this state can render personal judgment against those only who may be here found or may appear in suit here pending, the legislature has seen fit to make in our laws of limitation a distinction between residents and non-residents. Sections 18 and 20, Chapter 83, R. S. Such distinction does not give the statute an extra-territorial operation. It controls only proceedings in the courts of this state. Statutes of limitation and otherwise, not infrequently affect the rights and interests of non-residents. Such statutes are not for this reason unenforceable as against persons living beyond the borders of the sovereignty by which the law was created. The recognition in this state of the statutes of limitation of other states, and the denial here of a right to sustain an action barred by the law of a foreign domain, is a control exercised within and over the courts of this state alone.

Foreigners may and do come here and litigate in the courts of this state claims that arose in foreign countries. The law of this state, which permits this, has no extra-territorial operation, although the controversy may involve the consideration and determination of what the laws of a foreign state are. The law of a foreign state is a fact that may here give rights for the withholding of which our courts may afford a remedy.

The pleas under consideration in this case urge no more than has been before presented to and considered by the Supreme and Appellate Courts.

The phrase in section 20 of chapter 83, R. S., "When a cause of action has arisen" has been construed to mean when jurisdiction existed in the courts of another state to

adjudicate between the parties upon the particular cause of action. In such case if by the law of the foreign state an action upon this cause can not there be maintained, that is a fact which the courts of this state will—must—recognize. Hyman v. Bayne, 83 Ill. 256; Hyman v. McVeigh, 10 Legal News 157; Humphrey v. Cole, 14 Ill. App. 56; Story v. Thompson, 36 Ill. App. 370; Wooley v. Yarnell, 142 Ill. 442; Osgood v. Artt, 11 Bissell, 160; McGuigan, Jr., v. Rolfe, 80 Ill. App. 256; Second National Bank of Denison v. Danahy, 89 Ill. App. 92.

We do not regard the ruling in Hibernian Banking Association v. Commercial National Bank, 157 Ill. 524, as inconsistent with the views herein expressed. The judgment of the Superior Court is affirmed.