## Manton Davis v. Estate of William Pohlman, deceased.

1. STATUTE OF LIMITATIONS—*section 15 construed.* Under section 15 of our Statute of Limitations an action on a judgment rendered by a court of another state is barred in this state in five years "after the cause of the action accrued," that is to say, the cause of action, within the meaning of the statute, does not accrue in this state until jurisdiction exists in the courts of this state to adjudicate between the parties upon the particular cause of action, and, in some manner, to bind them by its decisions.

Contested claim in court of probate. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presid-

ing. Heard in this court at the February term, 1906. Reversed and remanded. Opinion filed September 14, 1906.

WISE & McNULTY and STANLEY D. PEARCE, for appellant.

WILLIAM WINKELMANN and A. H. BAER, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a claim filed by appellant against appellee in the Probate Court of St. Clair county. From the judgment of that court an appeal was prosecuted to the Circuit Court, where the case was tried *de novo*, resulting in a finding and judgment in favor of appellee.

The controlling facts in the case are in substance as follows: During the month of March, 1898, William J. Stone, receiver of the Mullanphy Savings Bank, recovered in the Circuit Court of the City of St. Louis, Missouri, three judgments against William Pohlman, aggregating the sum of $4,408.40, and the judgments were all duly assigned to appellant.

The Mullanphy Savings Bank was, during the whole time of its existence, a Missouri corporation, engaged in the banking business in the State of Missouri, and William J. Stone, the receiver, and appellant were at all times citizens and residents of that state, as was also William Pohlman prior to and at the time of the rendition of said judgments against him, and thereafter until the year 1901, when he removed to St. Clair county, Illinois, where he resided until his death, July 13, 1902.

Appellant's claim was filed February 23, 1905, against the estate of William Pohlman, then being in course of administration in the Probate Court of St. Clair county, Illinois. To this claim appellee interposed the Statute of Limitations of the State of Illinois. The Missouri statute is neither pleaded, proven, nor in any manner brought into the case.

Counsel for appellee say: "It is unnecessary to consider more than one question in this case, since a decision of that will necessarily be decisive of the case." In this we agree with counsel, and the question is, as they suggest, does the Illinois Statute of Limitations, applicable to the established facts of this case, bar appellant's right of recovery?

Under section 15 of our Statute of Limitations an action on a judgment rendered by a court of another state is barred in this state in five years "after the cause of action accrued." Ambler v. Whipple, 139 Ill. 311. The question then is, under the facts of this case, when did the cause of action accrue, within the meaning of the statute? The question is not when did the cause of action accrue in some other state, but when did it accrue in this state. If one who is sued in this state desires to avail of the time when the cause of action accrued in another state with respect to the subject-matter of the suit, he must plead the statute of that state, so as to avail of section 20 of our statute.

Our statute cannot attach, or begin to run with the cause, until such facts occur as will bring the case under its operation, and this cannot be until jurisdiction exists in the courts of this state to adjudicate between the parties upon the particular cause of action and in some manner bind them by its decisions. Humphrey v. Cole, 14 Ill. App. 56; McGuigan v. Rolfe, 80 Ill. App. 256; Hyman v. Bayne, 83 Ill. 256; Wooley v. Yarnell, 142 Ill. 442; Strong v. Lewis, 204 Ill. 35; Richardson v. Mackay, 46 Pac. Reptr. 546; Keagy v. Wellington Nat. Bank, 69 Pac. Reptr. 811. All the cases of this class, so far as we are advised, go upon the theory that one cannot live out the Statute of Limitations on the installment plan, part in one state and part or parts in another or others.

In this case none of the parties, nor anything pertaining to the cause or the subject-matter thereof, had ever been in this state, or within the jurisdiction of her courts, within reach of her processes or under her

laws, so as to bring the case under the operation of any section of the Statute of Limitations, except section 20, until deceased took up his residence within our borders in the year 1901. Then for the first time a cause of action accrued against him in this state, and until then the statute of this state did not begin to run in his favor.

Counsel cite section 18 of the statute, and claim that it in some way avails appellee in this case, but we are unable to perceive that it has any application to the facts of the case as they appear in the record. The facts of this case do not bring it under any of the prior clauses of that section, and therefore the concluding clause which counsel emphasize can have no application.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*