## Delta Bag Company, Defendant in Error, v. Frederick Leyland & Company, Ltd., Plaintiff in Error.

## Gen. No. 16,648.

1. CARRIERS—*limitation of liability.* Where a bill of lading limits the liability of a carrier, the assent of the shipper to the terms must be shown before they will be binding upon him.

2. CARRIERS—*what law governs as to right to limit liability.* In an action in Illinois for damages to goods while in transit between Liverpool and Louisiana, the Illinois law must control as to the right of a carrier to limit its liability by the terms of the bill of lading.

3. CARRIERS—*act of God.* Where a steamship company is negligent in stowing bags near ·coal, and sea water coming into the vessel washes coal dust into the bags, it cannot claim that the damage was caused by an act of God.

4. LIMITATIONS—*accrual of action in foreign state.* R. S. Ch. 8, Sec. 20, as to limitations when a cause of action has arisen out of the state, applies only where both parties reside out of the state at the time the action accrues, and continue to be nonresidents until the limitation laws of the foreign state have run.

5. CARRIERS—*limitations.* Where goods are damaged while in transit between Liverpool and Louisiana, and limitations have run under the Louisiana statute, a resident of Illinois is entitled to maintain the action at a time within the limitation of the Illinois statute, and R. S. Ch. 83, Sec. 20, as to limitations, when a cause of action arises out of the state, has no application.

6. CARRIERS—*when shipper need not make affidavit of ownership.* Where a shipper sues a steamship company for damage to goods in transit and the evidence shows he is the owner of the goods, Sec. 18, of the Practice Act, requiring the assignee of a chose in action to state by sworn pleading or affidavit, that he is the owner, and how he acquired title, has no application.

7. DEPOSITIONS—*when objection to exhibits should be made.* Objections to exhibits should be made, before trial by motion, to suppress such· part of the deposition as relates to the exhibits; it is too late to object after trial.

Error to the Municipal Court of Chicago; the Hon. WM. N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912. Rehearing denied October 21, 1912.

FRANCIS J. NOONAN and THOMAS W. BROWN, for plaintiff in error.

SILBER, ISAACS, SILBER & WOLEY, for defendant in error; FREDERICK D. SILBER and JAMES D. WOLEY, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Frederick Leyland & Company, hereinafter called the defendant, is seeking a reversal of a judgment against it for $503.25, obtained by the Delta Bag Company, hereinafter called the plaintiff, for damages to a shipment of fifty bales of bags while in transit between Liverpool, England, and New Orleans, Louisiana, on a steamship belonging to the defendant.

It is urged by the defendant that the plaintiff did not·comply with section 18 of the Practice Act, which requires the assignee of a chose in action to state by sworn pleading or affidavit that he is the owner, and how he acquired title. This is not a case of an assignment of a chose in action. The trial court found that the bags in question belonged to the plaintiff, which finding was justified by the evidence.

The objection to certain of plaintiff's exhibits should have been made before trial, by motion to suppress such parts of the deposition as related to these exhibits. It is too late to object after trial. I. C. R. R. Co. v. Foulks, 191 Ill. 57; Dunbar v. Gregg, 44 Ill. App. 527.

The defendant also claims that the damage to the bags was caused by an act of God. The evidence showed that the bags were stowed in the steamship near coal, and that they were damaged by sea water and coal dust. Apparently the sea water, coming into the vessel, washed the coal dust into the bags. To this effect was the finding of the trial court, which also found that it was negligence to stow the bags so near to the coal. The rule is as stated in Am. &

Eng. Ency. of Law, Vol. 1, p. 595: "Where the negligence of the carrier concurs with an act of God in producing a loss, the carrier is not exempt from liability by showing that the immediate cause of the damage was the act of God; or, as it has been expressed, 'where the loss is caused by the act of God, if the negligence of the carrier mingles with it as an active and co-operative cause he is still responsible.' A carrier by water is not excused from liability from loss by an act of God operating upon an unseaworthy vessel, nor would it avail him to show that the same loss might have occurred had the vessel been staunch and sound." Also, "When the fact of loss or damage to goods has been established, the burden of proof rests upon the carrier to show that the loss or damage was occasioned by an act of God." To the same effect are Schwarz v. Adsit, 91 Ill. App. 576; Wald v. P. C. C. & St. L. R. R. Co., 162 Ill. 545; Sandy v. Lake St. El. R. R. Co., 235 Ill. 194, and many other cases. It follows, therefore, that the defendant, being guilty of negligence, cannot plead exemption from liability because of an act of God.

As to the point that the plaintiff is bound by the terms of the bill of lading, limiting the defendant's liability and imposing obligations and conditions upon the plaintiff, it is sufficient to say that by Chapter 27 of Illinois Revised Statutes, it is unlawful for a common carrier "to limit his common law liability safely to deliver such property at the place to which the same is to be transported, by any stipulation or limitation expressed in the receipt given for such property." The Illinois law must control on this point. There is no evidence that the shipper assented to the terms of the bill of lading, which assent must be shown before they are binding upon him. (Coats v. C. R. I. & P. Ry. Co., 239 Ill. 154; Adams Express Co. v. Haynes, 42 Ill. 89; Adams Express Co. v. Stettaners, 61 Ill. 184.)

There is no question as to the amount of damage, as this was agreed upon by stipulation.

It is further urged that the action was barred in Louisiana at the time it was brought here, and being so barred there was barred here, under section 20 of the Limitation Act. Section 20 of chapter 83, Illinois Statutes, provides that "when a cause of action has arisen in a state or territory out of this state, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state." Under the Louisiana statute such an action is barred in one year. The action was commenced about two years and eight months after the vessel arrived at New Orleans, and therefore within the five year limitation of the Illinois statute. The defendant was a resident of Illinois at the time the action arose, and continued to reside in this state until and during the time of trial. Section 20 in our opinion is not applicable. It applies only where both parties reside out of the state at the time the action accrues and continue to be non-residents until the limitation laws of the foreign state have run. This view is supported by Davis v. Munie, 235 Ill. 620, in which the case of Hyman v. Bayne, 83 Ill. 256, cited by plaintiff, is distingished. The cases cited by plaintiff's counsel are cases where the defendant was a non-resident of this state when the action arose, which fact distinguishes them from the case at bar. In McGuigan v. Rolfe, 80 Ill. App. 256 (259), the court said:

"The construction of section 20 as given in Hyman v. McVeigh must then be limited and confined to causes where not only both parties resided out of this state when the action accrued, but both parties continued to reside out of the state and 'so remained until an action was barred in and by the laws of the foreign state where the domicile existed."

The case of Hyman v. McVeigh referred to is in a table of unreported cases, but is printed in Chicago Legal News, Vol. 10, p. 157, which is referred to in Wooley v. Yarnell, 142 Ill. 442, and also in Humphrey

v. Cole, 14 Ill. App. 56. In Hyman v. McVeigh, the Supreme Court, construing section 20, used the following language:

"The words, 'When a cause of action has arisen,' as they occur in the statute of limitations, should be construed as meaning, when jurisdiction exists in the courts of a state to adjudicate between the parties upon the particular cause of action if properly invoked; or, in other words, when the plaintiff has the right to sue the defendant in the courts of a state upon the particular cause of action, without regard to the place where the cause of action had its origin."

The defendant being a resident of Illinois, the plaintiff was entitled to bring this action against it at a time within the limitation of the Illinois statute.

Other points have been suggested, which we have considered and do not believe tenable.

Finding no error in the findings of fact and rulings upon propositions of law made by the trial court, the judgment will be affirmed.

*Affirmed.*