## Herman Orschel et al., Appellees, v. Sigmund K. Rothschild, Appellant.

## Gen. No. 29,829.

1. LIMITATIONS OF ACTIONS—*causes of action arising out of state.* Where contract of indemnity was made in another State and was mailed to indemnitee in State, the obligation of the indemnitor was to pay to indemnitee what was due, and the money being due in the State the cause of action arose within the State upon default and nonpayment, and did not arise out of the State within the meaning of Cahill's St. ch. 83, ¶ 21.

2. LIMITATIONS OF ACTIONS—*application of statute as to causes of action accruing in other States.* Cahill's St. ch. 83, ¶ 21, relating to time for bringing actions on causes of action arising out of the State only, applies to causes where both debtor and creditor are nonresidents of the State when the cause of action accrues, in view of paragraph 17.

3. INTEREST—*error in pleading as estopping from recovery.* The fact that statement of claim erroneously stated law applicable to interest did not estop plaintiff from recovering interest.

4. FORMER ADJUDICTION—*nonsuit is not estoppel in subsequent suit.* A proceeding wherein plaintiff suffers a nonsuit is not an estoppel to a subsequent suit.

5. APPEAL AND ERROR—*improper admission of evidence held immaterial.* Where case was tried by the court without a jury and on the theory that merits of case involved statute of limitations, objections on appeal to admission of improper evidence are not tenable.

Appeal by defendant from the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding. Heard in the third division of the court for the first district at the October term, 1924.

Affirmed. Opinion filed October 28, 1925. Rehearing denied November 10, 1925.

ALTHEIMER & MAYER, for appellant; MORTON A. MERGENTHEIM, of counsel.

MOSES, KENNEDY, STEIN & BACHRACH, for appellees; ROBERT BACHRACH and WALTER H. MOSES, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On November 11, 1920, Herman Orschel, individually and as surviving partner of Herman Orschel and Isaac Orschel, doing business as I. Orschel and Brother, and Belle Orschel, executrix under the will of Isaac Orschel, deceased, plaintiffs brought suit in the municipal court, on a contract of indemnity against Sigmund K. Rothschild, the defendant. The name of the plaintiff was subsequently changed to read as follows: Herman Orschel, as surviving partner of the partnership composed of himself and I. Orschel, doing business as I. Orschel & Brother, plaintiff, for use of Herman Orschel and Belle Orschel, also known as Mrs. Belle Orschel Weil.

There was a trial before the court without a jury, and on February 18, 1924, a judgment in favor of the plaintiff in the sum of $12,900. This appeal is from that judgment.

The theory of the plaintiff is that on October 31, 1910, the defendant, Sigmund K. Rothschild, signed and sealed and became bound by a written contract of indemnity, indemnifying the partnership of I. Orschel & Brother in case the latter suffered loss by indorsing commercial paper of Rothschild & Brother, and that subsequent to the making of the indemnity contract the partnership lost by indorsement of such paper of Rothschild & Brother the sum of $8,600 and certain interest.

The theory of the defendant is that as the last

payment made by the plaintiff, by which he suffered a loss under the contract of indemnity, was on February 9, 1914, and this suit was not begun until November 11, 1920, more than six years thereafter, and the contract of indemnity was made in Detroit, Michigan, where the defendant resided, and the law of Michigan provides a six-year limitation for suits on written contracts, and as the Illinois law provides that when a cause of action has arisen in a state or territory out of this state, and by the laws of the foreign state an action cannot be maintained there by reason of the lapse of time, no such action may be maintained in this state and the defendant's plea of the statute of limitations is a bar to this suit.

There is practically no dispute about the material facts. The suit is based on a contract of indemnity dated October 31, 1910, at Detroit, Michigan, and signed by the defendant and certain other persons, which provides substantially that the signers, including Rothschild & Brother, a Michigan corporation, and four members of the Rothschild family, including the defendant, together with Moses Schott, "jointly and severally agreed to hold the said Isaac Orschel and Herman Orschel and the firm of I. Orschel & Brother harmless from all loss or damage which they or either of them may sustain  *  *  *  resulting either directly or indirectly from the endorsement or guarantee by the said Isaac Orschel or the said Herman Orschel or the firm of I. Orschel & Brother of either the commercial paper or indebtedness of said Rothschild & Brother at any time hereafter."

The indemnity contract was sent by mail from Detroit, Michigan, on October 31, 1910, and received at Chicago by the plaintiff on November 1, 1910. Immediately after the execution of the indemnity agreement, I. Orschel & Brother indorsed certain commercial paper for Rothschild & Brother. That paper was renewed from time to time, and certain payments made by I. Orschel & Brother, on account of its indorsements

thereon, until, on February 9, 1914, when the last payment was made, there was due to I. Orschel & Brother, on account of its indorsement of the commercial paper of Rothschild & Brother, a balance of $8,600 which has never been paid. That, together with interest, is the account for which this suit was brought.

The evidence shows that the defendant, Sigmund K. Rothschild, and all the other indemnitors were residents of Detroit, Michigan, during the entire period between February, 1914, and February, 1920, except one Moses Schott, who died in 1919; and that Herman and Isaac Orschel at the time the contract of indemnity was made, and ever since, were residents of the State of Illinois.

The statute of limitations of the State of Michigan in regard to written instruments provides that: "All actions in any of the courts of this State shall be commenced within six years next after the causes of action shall accrue, and not afterward," with certain exceptions which are here immaterial. (Section 12323, Compiled Laws of Michigan 1915.)

The law in Illinois in regard to written instruments, which includes a contract of indemnity, such as the one in question here, provides that action "shall be commenced * * * within ten years next after the cause of action accrued." (Chapter 83, ¶ 17, Cahill's St. 1925.)

It is claimed for the defendant that the Michigan limitation of six years and not the Illinois limitation of ten years is applicable in this suit, in this State, as the result of applying section 20 of chapter 83 of the Illinois statute (Cahill's St. ch. 83, ¶ 21). That section provides as follows:

"When a cause of action has arisen in a State or Territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State."

· It has been held, however, in a number of cases in this State that such an action as this can be maintained within the Illinois limitation of ten years, where the plaintiff is at the time the cause of action accrued, and has been ever since, a resident of the State of Illinois, even though meanwhile the time provided by the law of the foreign State has expired.

The action here accrued on February 9, 1914. At that time, and when and since the contract was made, the plaintiff was and has been a resident of Illinois, and the defendant a resident of Michigan.

The contention for the plaintiff is that the uniform construction of section 20 has been that it applies only to a case in which both parties, creditor and debtor, resided outside of the State of Illinois, when the cause of action accrued. The following cases are cited in support of that claim: *Story v. Thompson,* 36 Ill. App. 370; *Berry v. Krone,* 46 Ill. App. 82; *Emerson v. North American Transportation & Trading Co.,* 303 Ill. 282; *Hibernian Banking Ass'n v. Commercial Nat. Bank,* 157 Ill. 524; *Chicago Mill & Lumber Co. v. Townsend,* 203 Ill. App. 457; *Delta Bag Co. v. Frederick Leyland & Co., Ltd.,* 173 Ill. App. 38; *McGuigan v. Rolfe,* 80 Ill. App. 256.

In order to interpret properly section 20, it is necessary to have in mind the provisions of section 18 of the same statute. That section is as follows: "If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the times herein limited, after his coming into or return to the State; and if, after the cause of action accrues he departs from and resides out of the State, the time of his absence is no part of the time limited for the commencement of the action. But the foregoing provisions of this section shall not apply to any case, when, at the time the cause of action accrued or shall accrue, neither the party against nor in favor of whom the same accrued or shall accrue, were or are residents of this State."

There seem to be two reasons why section 20 does not apply to the facts in this case. First. Here the cause of action arose on February 9, 1914, when the last payment was made by the plaintiff on account of its indorsements. From that time on, the defendant was in default. The balance unpaid was then due the plaintiff in Chicago. It is the obligation of the defendant under the indemnity contract to pay to the plaintiff what was due, and not the obligation of the latter to seek the former. The money was due in Chicago to the plaintiff, and it follows that the cause of action arose here immediately upon default and nonpayment. Putting that construction on the facts, section 20, which covers only cases where "a cause of action has arisen out of this State," is inapplicable.

Second. The action here accrued on February 9, 1914. At that time, and when and since the contract was made, the plaintiff was and remained a resident of Illinois, and the defendant was all that time a resident of Michigan. In such a case, that is of diverse residence, it has been held that section 20 does not apply, and that section 20 only applies to cases where both debtor and creditor are nonresidents of this State when the cause of action accrues. The interrelationship of sections 18 and 20 are well set forth by Mr. Justice Wall in the *Berry* case, *supra*. He there says:

"It will be seen that by the second paragraph of section 18, it is provided that the preceding provisions are not to apply to any case where neither debtor nor creditor resides in the State when the cause of action accrues. Section 20 then applies to the cases not covered by section 18; that is, to cases where both debtor and creditor are nonresidents when the cause of action accrues. It cannot be supposed that the legislature intended by section 20 to nullify and sweep away the provision contained in section 18, and yet this is what has been done unless section 20 is construed to apply only to those cases which are, by the latter clause of section 18, carved out and excepted from its operation." Citing the *Story* case, *supra*.

Counsel for the defendant have cited *Hyman v. Bayne*, 83 Ill. 256. In that case the court held that as the cause of action was barred by the Maryland statute of limitations, it followed that, under section 20 of the Limitation Act of Illinois, the plaintiff could not recover; but in that case the facts were not as here; there both parties were foreign residents. That is obvious from the following language of the court: "The question is whether under our limitation laws in force prior to the act of 1872, when both parties have at all times resided continuously beyond the limits of this State for the statutory period, a bar to a recovery is created." In the *Delta Bag Co.* case, *supra,* the court said: "Section 20, in our opinion, is not applicable. It applies only where both parties reside out of the State at the time the action accrues and continue to be nonresidents until the limitation laws of the foreign State have run. This view is supported by *Davis v. Munie*, 235 Ill. 620, in which the case of *Hyman v. Bayne,* 83 Ill. 256, cited by the plaintiff, is distinguished." In the *Chicago Mill & Lumber Co.* case, *supra,* the court said: "It is well settled, however, that the Arkansas statute of limitations does not apply unless the parties were nonresidents of Illinois at the time the cause of action accrued. This is the construction placed upon section 20 of the Illinois Act by the courts of review in this State." In the *McGuigan* case, *supra,* the court went so far as to hold that section 20 must be limited and confined to the causes where not only both parties resided out of this State when the action accrued, but where both parties continued to reside out of this State, and "so remained until an action was barred in and by the laws of the foreign State where the domicile existed."

The cases cited for the defendant, such as *First Nat. Bank of Boulder v. Hurlbut,* 224 Ill. App. 297; *Collins v. Manville,* 170 Ill. 615; *O'Donnell v. Lewis,* 104 Ill. App. 198; *Great Western Tel. Co. v. Stubbs,* 55 Ill. App. 210, in no way tend to show that any other in-

terpretation has been made of section 20 than that above mentioned. There are some further cases, such as *Osgood v. Artt,* 10 Fed. 365, and *Pond Creek Mill & Elevator Co. v. Clark,* 270 Fed. 482, which are *contra,* but we feel bound to follow the decisions of our own State courts.

A number of cases have been called to our attention by counsel for the defendant as tending to show that section 20 is applicable here. We have examined them, however, and do not find that any of them support that position.

It is urged for the defendant that the plaintiff in its amended statement of claim claimed interest according to a Michigan statute, and if the law of Michigan is not applicable, then there is no claim for interest and no interest should be allowed. In the first paragraph of the statement of claim appear the words, "Plaintiffs allege that their claim herein is for $8,712.50 and interest accruing thereon at five per centum per annum; as more fully hereinafter appears." At the end of the statement it is alleged that at the time the contract of indemnity was executed there was in force a certain Michigan statute which provided for interest at not exceeding seven per cent per annum. We think that the state of the pleadings should not prevent the plaintiff from recovering interest according to the law of this State. The statement of claim informed the defendant that interest would be claimed, and that was sufficient. The fact that the amended statement of claim erroneously stated the law applicable does not estop him from recovering what he was justly entitled to.

The evidence shows that the plaintiff at one time began suit on the same claim in Detroit, Michigan; it also shows that the plaintiff suffered a nonsuit. That, of course, prevents that proceeding from being in any way an estoppel to this suit. A number of objections are made on the ground that improper evidence was allowed to be introduced; but considering

that the case was tried by the court without a jury, and that it was tried on the theory that the merits of the case involved the statute of limitations, we do not find any of them tenable.

Inasmuch, therefore, as the plaintiff had ten years from February 9, 1914, in which to institute suit and the suit was begun before that ten-year period expired, it was in apt time and was not barred by the statute of limitations.

The judgment, therefore, will be affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.