**First National Bank of Boulder, Plaintiff in Error, v. Lewis G. Hurlbut and W. J. Davenport, Defendants in Error.**

### Gen. No. 26,326.

CONFLICT OF LAWS—*limitation of actions.* Where promissory notes payable in Colorado must, under the laws of that State, be sued upon within six years regardless of the absence of the debtor from the State, and that period has expired, suit cannot be maintained in this State though the debtor has removed from Colorado and is now a resident of this State.

Error to the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed February 14, 1922.

WILLIAM J. STAPLETON, for plaintiff in error.

ROBERT TURNEY, for defendants in error.

MR. JUSTICE MORRILL delivered the opinion of the court.

Plaintiff in error seeks to reverse a judgment of the superior court of Cook county in favor of defendants. The suit was brought on March 28, 1919, upon four

notes executed by the Colorado Capitol Coal Mining Company, the defendants and others, payable to the order of plaintiff for $5,000, $5,000, $2,500 and $3,000, respectively, dated respectively November 16, 1910, November 24, 1910, December 2, 1910, and December 19, 1910. Each of said notes was payable 2 months after date, so that the last note matured February 19, 1911. The notes bore interest at 8 per cent per annum until maturity and thereafter at 2 per cent per month.

The amended pleas averred that at the time of the execution and delivery of the notes plaintiff was and still is a resident of Colorado; that the notes were payable at Boulder, Colorado; that under the statutes of Colorado action on the first note, on which a payment of $1,000 was made on October 28, 1912, became barred in 6 years from that date, on October 28, 1918, and that action became barred on the remaining notes January 24, 1917, February 2, 1917, and February 19, 1917, respectively. The pleas then set forth the Colorado statute, which provides that all actions of debt founded upon any contract or liability in action and all actions of assumpsit shall be commenced within 6 years after the cause of action shall accrue and not afterwards, and alleged that by reason of said statutory provisions the cause of action on said notes was barred in Colorado in 6 years after their respective dates of maturity.

A general demurrer to said pleas was overruled, whereupon plaintiff filed replications alleging that after the right of action accrued on said notes under the laws of Colorado, defendants ceased to be residents of that State, so that process could not be served upon them after January 1, 1914, on which date defendants left Colorado; that defendants then became and now are residents of Illinois. The replications further charged that defendants did not continue to be residents of Colorado for a period of 6 years following the dates when the right of action accrued to plaintiff

on said respective notes and that it was unable to and did not ascertain the residence of defendants until January 1, 1919. A demurrer was sustained to these replications. Plaintiff elected to stand by its replications and thereupon judgment was entered in favor of defendants.

It is admitted that the Colorado statute of limitations contains no provision suspending its operation during the absence of defendants from the State. Defendants therefore insist that they are entitled to the protection of this statute by virtue of section 20 of the Illinois statute of limitations (Cahill's Ill. St. ch. 83, ¶ 21), which is as follows:

"When a cause of action has arisen in a State or territory out of this State, or in a foreign country, and, by the laws thereof, an action cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State."

Plaintiff urges that to entitle defendants to the protection of section 20 of the Illinois statute, the right of action must have been fully barred either in Colorado or some other jurisdiction, in which the defendants remained for the full period of the statute of such State barring action on the notes in question; that defendants could not claim the benefit of the Colorado statute because action in that State after January 1, 1914, would have been unavailing. Plaintiff contends that defendants came to Illinois January 1, 1914, and became subject to the Illinois statute of limitations, which permitted the bringing of an action within 10 years after the right of action accrued.

A similar state of facts was involved in the case of *Collins v. Manville*, 170 Ill. 615. In that case a note was made and executed in the State of New York and the cause of action arose there. It was held that the time within which a suit could be brought in this State was governed by section 20 of our statute in regard to limitations, and if by the laws of the State of New

York the action on the note could not be maintained by reason of the lapse of time, the action could not be maintained in this State. The New York statute requires an action of this kind to be commenced within 6 years after the cause of action has accrued, and suit was brought in this State August 31, 1893. At that time the period prescribed by the New York statute had not run, as the right of action upon the note in question accrued September 1, 1887. A recovery by the plaintiff was sustained in that case.

It being admitted in the case at bar that a suit in Colorado under the statutes of that State must be brought within 6 years after the right of action accrued on the respective notes, regardless of the debtor's absence from the State, and it appearing that this 6-year period expired on October 28, ~~1919~~, upon *1918* the first note and upon earlier dates on the remaining notes, we are of the opinion that the statute had run and therefore the demurrer to the replications was properly sustained.

The judgment of the superior court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.