JAMES ·WOOLEY

*v.*

ELECTA W. YARNELL.

*Filed at Springfield November 2, 1892.*

1. LIMITATION—*act of 1872 does not apply to contracts before it took effect.* The Limitation act of April 4, 1872, which required action to be brought upon notes, etc., within ten instead of sixteen years, as by the act of November 5, 1849, after the cause of action accrued, has no application to contracts executed before the latter law went into force and effect.

2. SAME—*running of the statute arrested by debtor's absence from the State.* The departure of a debtor from this State after a cause of action has accrued, and his remaining beyond the limits of this State so that process can not be served upon him, will arrest the running of the

Statute of Limitations. In such case the defendant's absence from the State is no part of the time limited for the commencement of an action.

3. Same—*where maker and payee of a note reside out of the State.* Where the maker of a promissory note and the payee reside out of this State when the note becomes due, and the cause of action accrues in another State, and the maker continues to reside out of the State and in another State until, by the laws of such State, an action on the note is barred, section 20 of the Limitation act, when pleaded to an action brought on such note in this State, may constitute a bar to such action.

4. Same—*where debtor becomes resident of another State, and note is barred by the laws of that State.* To an action on a note which fell due November 2, 1870, the defendant filed a plea that on August 13, 1881, he became a resident of the State of New Hampshire, and continued to reside there until the commencement of the suit,—a period of more than six years; that an action accrued in New Hampshire on the note August 13, 1881, and that by the laws of New Hampshire actions on promissory notes may be brought within six years from the time an action accrues, but not thereafter: *Held*, that the plea presented no bar to an action on the note.

5. If a defendant was a resident of this State when his note became due and a cause of action accrued against him in this State, and he afterward departed from the State and acquired a residence in another State, his residence there for a time sufficient to bar an action, had one been brought there, would constitute no bar when he returned and was sued in this State.

WRIT OF ERROR to the Appellate Court for the Third District; —heard in that court on writ of error to the Circuit Court of Christian county; the Hon. JACOB FOUKE, Judge, presiding.

Mr. J. C. ESSICK, and Mr. J. C. McBRIDE, for the plaintiff in error:

The law of this State at the time the note was executed barred all actions in sixteen years, and the suit was not brought until after sixteen years had elapsed. By section 13 of chapter 66 of the Revised Statutes of 1845, the time the defendant was out of the State was not to be counted in making the bar, and a right of action was given against the defendant on his return to the State. *Campbell* v. *Harris*, 30 Ill. 398.

The fifth and seventh pleas are framed under section 20 of the Limitation law, and provide that when the action is barred in the State of the defendant's domicil it is also barred here. *Hyman* v. *Bayne*, 83 Ill. 256; *Humphrey* v. *Cole*, 14 Bradw. 61; *Osgood* v. *Art*, 11 Biss. 160; *Riser* v. *Snoddy*, 7 Ind. 442; *VanDoran* v. *Bodley*, 38 id. 402; *Harris* v. *Harris*, 33 id. 423; *Wright* v. *Johnson*, 42 id. 29; *Maryland* v. *Todd*, 1 Biss. 69; *Sloan* v. *Waugh*, 18 Iowa, 224; *Petchell* v. *Hopkins*, 19 id. 531; *Webster* v. *Rees*, 23 id. 269; *Lloyd* v. *Perry*, 32 id. 144; *Thompson* v. *Reed*, 41 id. 48; *Harris* v. *Harper*, 48 id. 513; *Fletcher* v. *Spaulding*, 9 Minn. 64; *Hoyt* v. *McNeil*, 13 id. 390; *Gordan* v. *Preston*, Wright, 341; *Putnam* v. *Clark*, id. 595; *Maryland* v. *Shipley*, 7 Ohio, 246; *Horton* v. *Horner*, 14 id. 437; *Horton* v. *Horner*, 10 id. 146; *Morton* v. *Valentine*, 15 La. Ann. 150; *Mandeville* v. *Huston*, id. 283; *Hays* v. *Cage*, 2 Texas, 501; *Brysan* v. *Bouton*, 10 id. 62; *McArthur* v. *Goddin*, 12 Bush, 274.

Messrs. GROSS & BROADWELL, and Mr. JAMES H. YARNELL, for the defendant in error:

In *Smart* v. *Morrison*, 15 Bradw. 226, and *Means* v. *Harrison*, 114 Ill. 248, it was ruled that the Limitation act of 1872 was wholly prospective in its operation. *McMillan* v. *McCormick*, 117 Ill. 79; *Schiefferstein* v. *Allison*, 123 id. 662.

The remedy is governed by the *lex loci*. *Chumasero* v. *Gilbert*, 24 Ill. 294; *Smith* v. *Whitaker*, 23 id. 369; *Burchard* v. *Dunbar*, 82 id. 456; Story on Conflict of Laws, (7th ed.) sec. 556; *Davis* v. *Morton*, 5 Burt. 160.

The Statute of Limitations pertains to the remedy, and not to the essence, of the contract. (*Briscoe* v. *Anketel*, 28 Miss. 361; *Graves* v. *Graves*, 2 Bibb, 207.) Therefore it follows that a plea of the Statute of Limitations is a plea to the remedy. *McElmoyle* v. *Cohen*, 13 Pet. 329; *Lincoln* v. *Battelle*, 6 Wend. 475; *Andrews* v. *Herriott*, 4 Cow. 528; *Bank* v. *Dyer*, 14 Pet. 141.

The money was borrowed and the note given in this State while both parties resided here. The contract is therefore an Illinois contract. *Bronte* v. *Leslie*, 30 Ill. App. 288; *Lougie* v. *Washburn*, 16 N. H. 134; *Newman* v. *Kershaw*, 10 Wis. 333.

Whether the limitation laws of one State can be pleaded in bar of an action in another State, see *Bulger* v. *Roche*, 11 Pick. 36; *Ruggles* v. *Keller*, 3 Johns. 263; *Pearsall* v. *Dwight*, 2 Mass. 84; *Atwater* v. *Townsend*, 4 Conn. 47; *Pells* v. *Snell*, 130 Ill. 379; *Bank* v. *Lowry*, 93 U. S. 77.

On the question whether absence from the State by a defendant stops the running of the Statute of Limitations, see *Wheeler* v. *Wheeler*, 134 Ill. 522; *Davis* v. *Harper*, 48 Iowa, 513; *Gilbert* v. *Hill*, 32 id. 220; *Hays* v. *Cage*, 2 Texas, 505; *McArthur Case*, 12 Bush, 274.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Electa W. Yarnell, in the circuit court of Christian county, against James Wooley, on the following promissory note:

"$620.00.—One year after date I promise to pay to John P. Spaulding or order Six Hundred and Twenty Dollars, with interest at eight per cent.  J. S. WOOLEY.

PANA, ILL., *Nov. 2, 1869.*"

Endorsements on the note: "Rec'd Nov. 2, 1870, $120.00 on within note." "Rec'd Sept. 29, 1870, the interest on the within note to Nov. 2, 1870." "Without recourse.—John P. Spaulding."

To the declaration the defendant interposed several special pleas. The first special plea set up the Statute of Limitations, averring that the cause of action did not accrue within sixteen years next before commencement of suit. The second special plea set up the Statute of Limitations, averring that the cause of action did not accrue within ten years next before commencement of suit. To the first and second special

pleas plaintiff replied double, the first replication to each of said pleas being a traverse, and the second replication to each of said pleas was in substance the same, and set up that the note in question was made by defendant in the State of Illinois, and that plaintiff's cause of action accrued to her on November 2, 1870, at which time defendant was a resident of the State of Illinois, and that on August 13, 1881, the defendant departed the State of Illinois, and remained beyond the limits of the State of Illinois to and until the commencement of this suit.

In the fifth and seventh special pleas the defendant set up "that at the time the note was executed and delivered, Spaulding, the payee, was a resident of the city of Boston, in the State of Massachusetts, and has continued to reside in the same place from thence hitherto, and that the said supposed note was executed and delivered in the said city of Boston, in said State of Massachusetts. And the defendant further says, that on the 13th day of August, 1881, he, the defendant, became a resident of the State of New Hampshire, and has continuously resided there from that day to this time, and that defendant's said place of residence was well known to the plaintiff and to John P. Spaulding, the payee of said note, during the whole of said time. And defendant further avers, that during the whole of the time of his residence in the said State of New Hampshire there were courts in said State having jurisdiction of the subject matter sued upon in this case, and that the defendant was within the jurisdiction of said courts so that process could have been served upon him during all of said time. And defendant further avers, that by the laws of said State of New Hampshire actions on promissory notes can be brought thereon within six years from the time an action accrues thereon, and not thereafter. And defendant further avers, that on the 13th day of August, 1881, an action accrued against the defendant upon the said promissory note in plaintiff's declaration mentioned, in the said

State of New Hampshire, and under the laws thereof, and that after the 13th day of August, 1887, all actions against this defendant on the said supposed note were barred by the said Statute of Limitations of said State of New Hampshire, and defendant says that by reason of lapse of time an action can not be maintained upon the said supposed note in said State of New Hampshire against the defendant, where the defendant has resided and still continues to reside, as aforesaid. And defendant further avers, that the said John P. Spaulding continued to own and retain possession of said promissory note from the execution thereof until on, to-wit, the first day of January, 1889, and defendant avers that by reason thereof plaintiff's said action is barred and can not be maintained by reason of the Statute of Limitations of the State of Illinois, and this the defendant is ready to verify."

The court sustained a demurrer to pleas five and seven, and overruled a demurrer to the second replication to the first and second pleas, and while other questions are somewhat discussed in the argument, the decision of the court on the demurrers is the principal, and, indeed, the only, question of any importance presented by the record.

It will be observed that the note in controversy was executed on the second day of November, 1869, and became due on the second day of November, 1870. Both upon the date of the note, and at the time it became due, the Limitation act of November 5, 1849, was in force. Under this act, an action would not be barred until the expiration of sixteen years after the instrument sued on had become due. The Limitation act of April 4, 1872, prescribed a shorter period, and required an action to be brought within ten years. But that act has no application to contracts executed before it went into force, as held in *Means* v. *Harrison,* 114 Ill. 248.

As has been seen, the note in question became due on the second day of November, 1870, and the Statute of Limitations then began to run, and as this action was not brought

until July 20, 1889,—more than sixteen years after the note became due,—it is plain the action would be barred unless the plaintiff can bring his case within some saving provision of the statute.    This the plaintiff attempted to do by the second replication to defendant's pleas of the Statute of Limitations. In this replication it is averred that the defendant was a resident of the State of Illinois on the second day of November, 1870; that the plaintiff's cause of action accrued on that date, and that on the 13th day of August, 1881, the defendant departed from the State of Illinois, and remained beyond the limits of the State until the commencement of this action. Did the departure of the defendant from the State after the cause of action had accrued, and remaining beyond the limits of the State so that process could not be served on him, arrest the running of the Statute of Limitations?    We think section 18, chapter 83, of the Revised Statutes, contains a complete answer to this question.    That section declares:    "If, after the cause of action accrued, he (the debtor) departs from and resides out of this State, the time of his absence is no part of the time limited for the commencement of an action." Here the replication which the court held was a good answer. to the plea, declared that the defendant, a resident of the State when the cause of action accrued, departed from the State and remained beyond the limits of the State until the suit was commenced.    Under the plain language of the statute, when the defendant departed from the State the Limitation law ceased to run.

But it is insisted that the defense set up in the defendant's fifth and seventh pleas constituted a bar to the action.    The facts relied upon are, in substance, that the defendant became a resident of the State of New Hampshire on the 13th day of August, 1881, and continued to reside there until the commencement of this suit,—a period of more than six years; that an action accrued in New Hampshire on the note August 13, 1881; that by the laws of New Hampshire actions on

promissory notes may be brought within six years from the time an action accrues, and not thereafter. The bar thus established by the laws of New Hampshire, it is insisted, bars the action here. This position is predicated on section 20, chapter 83, of the Revised Statutes, entitled "Limitation," which is as follows: "When a cause of action has arisen in a State or territory out of this State, or in a foreign country, and by the laws thereof an action thereon can not be maintained by reason of the lapse of time, an action thereon can not be maintained in this State."

Where the maker of a promissory note, and the payee, reside out of this State when the note becomes due, and the cause of action accrues in another State, and the maker continues to reside out of the State and in another State, until, by the laws of such State, an action on the note is barred, the section of the Limitation law *supra*, when pleaded to an action brought on such note in this State, may constitute a bar to such action. This is the doctrine of *Hyman* v. *Bayne,* 83 Ill. 256, and also *Hyman* v. *McVeight,* unreported, but mentioned in 87 Ill. 708. In each of these cases, as will be found upon an examination of the record, the maker and payee both resided out of this State at the maturity of the cause of action sued on and when the cause of action accrued, and so remained until an action was barred in and by the laws of the foreign State where the domicil existed. What was said in *Hyman* v. *McVeight* must be limited and confined to the facts presented by the record then before the court, that neither the maker nor the payee of the note, at the time the cause of action arose, resided in Illinois.

The pleas relied upon by the defendant do not contain averments sufficient to bring them within the rule indicated, and necessary to bar the action. It is nowhere averred that the defendant was a non-resident of the State when the note became due and the cause of action accrued. If he was a resident of the State then, and afterwards departed from the

29—142 ILL.

State and acquired a residence in another State, his residence there for a time sufficient to bar an action, had one been brought there, would constitute no bar when he returned and was sued in this State. If the defendant was a resident of this State on the second day of November, 1870, when the note became due, as we must presume he was from the averments of the pleas, the plaintiff's cause of action arose in this State, and when the defendant, in 1881, departed from the State, the plaintiff was under no obligation to follow him to the State of New Hampshire and bring an action there, but he had the right to wait until the defendant returned to this State, and then sue, and rely upon section 18 of the statute, should the defendant rely upon the time of his absence to create a bar to the action.

The judgment of the Appellate Court will be affirmed.*

*Judgment affirmed.*

---

WOOLEY v. YARNELL.

* Per CURIAM: This case was consolidated with *James Wooley* v. *Electa W. Yarnell*, No. 52, June term, 1892, and the same questions being involved in each case, the decision affirming the judgment in No. 52 will control this case. For the reasons stated in *Wooley* v. *Yarnell*, No. 52, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*