## Charles M. Grammer, Administrator with the Will Annexed of Seth W. Grammer, Deceased, v. Charles Grammer.

1. LIMITATIONS—*Pleading the Statute of Nebraska.*—To an action upon a promissory note, dated November 1, 1884, due two years thereafter, no place of payment being designated, a plea of the Nebraska statute of limitations, alleging that the note was executed and delivered to the payee in that State, and that the maker was then, and ever since had been a resident of that State, but does not aver where the payee then or afterward resided, presents no defense to the note.

**Memorandum.**—Assumpsit on promissory note. In the Circuit Court of *Adams County;* the Hon. OSCAR P. BONNEY, Judge, presiding. Judgment on demurrer to a plea of the statute of limitations. Appeal by defendant. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

*Copy of note sued on :*

$225.00                             NOVEMBER 1st, 1884.

Twenty-four months after date, I promise to pay Seth W. Grammer, or order, two hundred and twenty-five 00-100 dollars for value received, to bear eight per cent interest from date until paid. If the interest is not annually paid, to become as principal, and bear same rate of interest, negotiable and payable without defalcation or discount.

CHARLES GRAMMER.

*Copy of plea of the Statute of Limitations :*

Now comes the said defendant, by L. E. Emmons, Jr., his attorney, and for further plea says *actio non*, etc., because he says that the several supposed causes of action in said declaration mentioned are one and the same. to wit, the supposed cause of action in the first count of said declaration mentioned, and not different causes of action, and that at the time of the execution and delivery of the said alleged note described in said declaration, and from thence hitherto, he, said defendant, was and has been an actual resident and citizen of the State of Nebraska; that said alleged note was signed and delivered by defendant to said deceased payee on the 1st day of November, 1884, within said State of Nebraska, to wit, at St. Paul, Howard county, in said State of Nebraska, and that said alleged note was there made payable two years after the date thereof, and the same became due and there payable on, to wit, the fifth day of November, 1886, at which time and place last aforesaid a cause of action arose on said alleged note in the said State of Nebraska. And, further, that at the time said note was delivered to said payee, he, said payee, was then at said St. Paul in said State of Nebraska. And defendant further avers that under and by force of the statutes of limitation of the said State of Nebraska, in force in said State at the time when the said alleged note became due and payable as aforesaid, a cause of action on said note in said State of Nebraska would become barred in five years after November 5, 1886, and no action could be maintained on said note in said State for the recovery of a judgment thereon after November 5, 1891.

By means whereof. the said defendant avers that the said supposed cause of action on said alleged note in the first count in said declaration mentioned, became barred on the fifth day of November, 1891, and no suit could be maintained on said note after the date last aforesaid.

And this the defendant is ready to verify, wherefore he prays judgment, etc.

Appellant's Brief, L. E. Emmons, Jr., Attorney.

It is an established principle that the construction of personal contracts is to be regulated by, and their validity depends upon the laws of the place where they are made. Edwards on Bills and Notes, 177; Wood on Limitations, 17; Chapman v. Robertson, 6 Paige Ch. (N. Y.) 627; Prentiss v. Savage, 13 Mass. 23; Martin v. Hill, 12 Barb. 631.

The presumption is that the parties have respect to the law of the place where they contract, and that the agreement between them is shaped accordingly. Edwards on Bills and Notes, 177; Thompson v. Ketchum, 8 Johns. 190; Robinson v. Bland, 2 Burr, 1077.

If there be nothing in the contract to indicate that the parties contracted with a view to performance in another country, it is to be carried into execution according to the *lex loci contractus.* Blanchard v. Russell, 13 Mass. 1; Edwards on Bills and Notes, 177.

If the note be drawn, or the bill accepted, payable at large, that is to say, without specifying any place of payment, the instrument should be presented for payment to the maker or acceptor at his residence or place of business. Edwards on Bills and Notes, 495; Degrand v. Banks, 16 St. Louis, 461.

Under the Nebraska statutes, an action on the note in question was, before suit was ever brought thereon, barred in that State; such being the case, the limitation statutes of this State of Illinois intervene and prevent a recovery thereon in an action afterward brought in this State. R. S. Ill., Chap. 83, Sec. 20.

The provision that the time any defendant is absent from this State shall not be counted, and allowing suit after his return, does not apply to non-residents who have never been in the State. Hyman v. Bayne, 83 Ill. 256.

The note sued on was fully barred by the limitation laws of the State of Nebraska, prior to the commencement of this suit, and no action can be maintained on said note within this State. R. S. Ill., Chap. 83, Sec. 20; Hyman v. Bayne, 83 Ill. 256; Hyman v. McVeigh (unreported), 10 Legal News,

p. 157; Osgood v. Artt, 10 Fed. Rep. 365; Bemis v. Stanley, 93 Ill. 230; Wernse v. Hall, 101 Ill. 423.

APPELLEE'S BRIEF, EDWARD SHANNON AND ALMERON WHEAT, ATTORNEYS.

The allegations in the plea that the note mentioned in the special count became due and payable in the State of Nebraska, and that when said note became due and payable a cause of action arose thereon in said State, involved, each, a question both of law and fact, and amounted merely to an inference or conclusion of appellant based on the law as it was understood or assumed by him, and in no way aided the plea, or rendered it less obnoxious to the demurrer. 1 Chitty's Pleading (8th Am. Ed.), 215, 540; Clay F. and M. Ins. Co. v. Westerhausen, 75 Ill. 285; Kilgore v. Ferguson, 77 Ill. 213; The People v. Village of Crotty, 93 Ill. 180.

A note becomes due and payable, and the cause of action accrues thereon, in the State, territory or country where the legal holder of the same resides at the time it becomes due and payable, and accrues when default is made in its payment.   Story v. Thompson, 36 Ill. App. 370, 376; Chemung Canal Bank v. Lowery, 93 U. S. (3 Otto) 72.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action upon a promissory note, dated November 1, 1884, due two years thereafter, no place of payment being designated.   The defendant pleads the statute of limitations of Nebraska, five years, alleging that the note was executed and delivered to the payee in that State, and that the maker was then and ever since had been a resident of that State, but did not aver where the payee then, or afterward, resided.   The Circuit Court sustained a demurrer to the plea, and the only question is upon the point thus raised.

We are of opinion the ruling was correct.   Story v. Thompson, 36 Ill. App. 370; Wooley v. Yarnell, 142 Ill. 442.

The judgment will be affirmed.