MANTON DAVIS, Defendant in Error, *vs.* MICHAEL MUNIE, Admr., Plaintiff in Error.

*Opinion filed October 26, 1908.*

1. LIMITATIONS—*when the provision relating to defendant's absence from State when action accrued does not apply.* The provision of the Limitation act which permits the bringing of a suit, where the defendant was out of the State when the cause of action accrued, within the limited time after his coming into or return to the State, does not apply where both plaintiff and defendant were non-residents when the cause of action accrued.

2. SAME—*when suit on a foreign judgment is barred.* Under section 15 of the Limitation act, if both parties were non-residents of Illinois at the time a judgment was rendered in a foreign State, the fact that the defendant subsequently moves into Illinois does not extend the time for bringing suit on the judgment, and the suit is barred if not brought within five years from the time the judgment was rendered. (*Hyman* v. *Bayne*, 83 Ill. 256, distinguished.)

3. SAME—*when cause of action accrues.* When facts have occurred which authorize one party to maintain a suit against another the cause of action has accrued, regardless of the questions of the residence of the parties, the place where the facts giving rise to the action have occurred or the ability to obtain personal service of summons on the defendant.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

WINKELMANN & BAER, for plaintiff in error.

STANLEY D. PEARCE, and WISE & McNULTY, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This case was a claim presented to the probate court of St. Clair county against the estate of William Pohlman upon three judgments rendered against him in his lifetime by the

circuit court of the city of St. Louis, Missouri, in favor of William J. Stone, receiver of the Mullanphy Savings Bank, and assigned to defendant in error. The judgments were all rendered in March, 1898, and all the parties were residents of the State of Missouri until 1901, when William Pohlman moved to East St. Louis, where he resided until his death, in 1902. Administration of his estate was granted in November, 1902, and the judgments were presented as claims against his estate February 23, 1905. On the trial in the circuit court the court was asked to hold that the five years Statute of Limitations was a defense to the suit, but refused to do so. Judgment was rendered against the estate for $6260.26, which has been affirmed by the Appellate Court. The only question presented is the correctness of the ruling of the circuit court in regard to the Statute of Limitations.

Under section 15 of the Statute of Limitations of 1872 the period of limitation within which an action may be brought in this State upon a judgment rendered in another State is five years. (*Bemis* v. *Stanley,* 93 Ill. 230; *Ambler* v. *Whipple,* 139 id. 311.) It is claimed, however, by defendant in error, that all parties being non-residents of the State, the cause of action did not accrue in Illinois until the decedent moved into the State and became subject to the jurisdiction of its courts, and that therefore the Statute of Limitations did not begin to run until that time. The section of the statute under consideration says nothing about the place where the cause of action may accrue. It provides only that the action shall be commenced within five years next after the cause of action accrued. Statutes of limitation are statutes of repose, intended to prescribe a definite limit of time within which the remedies included within their provisions must be prosecuted. They are designed to afford security from stale demands, when, from lapse of time, death of witnesses, failure of memory, loss of vouchers, and other causes, the true state of the transactions may be

incapable of explanation and the rights of the parties can not be satisfactorily investigated. Whether the cause of action has accrued within or without the State, the reason for the statute is the same, and the legislature has seen fit to make no distinction.

The assumption is unwarranted that the statute does not begin to run until service of process may be had upon the debtor in this State. The statute itself has fixed the time when the cause of action accrues. This expression is not one of doubtful meaning. It means when facts exist which authorize one party to maintain an action against another. The place of residence of either party has nothing to do with the matter, except as the law of the place may affect the rights arising out of the facts. Nor is the ability to obtain personal service of a summons material. Wherever the parties may be and wherever the facts have occurred which constitute the cause of action, when the facts have occurred the cause of action exists between the parties,—it has accrued. No action upon any cause of action of the character mentioned in section 15 of the Statute of Limitations can be maintained in the courts of this State if not commenced within five years after the cause of action shall so have accrued, unless within the exceptions of the statute itself. The exception which permits the bringing of a suit in case the defendant was out of the State when the cause of action accrued against him within the limited time after his coming into or return to the State does not apply where, as in this case, both parties were non-residents at the time the cause of action accrued.

Our attention has been called by counsel for defendant in error to the case of *Hyman* v. *Bayne,* 83 Ill. 256, and other cases, which, it is contended, decide that where both plaintiff and defendant are residents of another State when the cause of action accrued, no cause of action exists in this State until the debtor comes into the State. So far as this particular phase of the case is concerned, the discussion in

the case named above, and the cases of *Wooley* v. *Yarnell,*
142 Ill. 442, and *Strong* v. *Lewis,* 204 id. 35, also cited, is
confined to section 20 of the Limitation act, which provides
that "when a cause of action has arisen in a State or ter-
ritory out of this State or in a foreign country, and, by
the laws thereof, an action thereon cannot be maintained by
reason of the lapse of time, an action thereon shall not be
maintained in this State." These cases hold that where the
maker and payee of a promissory note both resided out of
this State at the time of its maturity, a cause of action
arose in the State where the payee resided and in any other
to which he removed, and if he resided in any State long
enough to be entitled to the protection of the Statute of
Limitations of such State, such statute would be treated as
a bar in this State under section 20 of our Limitation act;
but if the defendant resided in this State at the date of the
maturity of his note and afterward removed to another
State and resided there during the full period of limitation
as provided by the statute of such other State, while a cause
of action would have arisen against him in such other State
he would not be entitled to the benefit of section 20 of our
Limitation act because of the provision of section 16 which
saves to the plaintiff, during the defendant's residence out
of the State, the benefit of the cause of action which had
accrued before his departure. It is true that in *Hyman* v.
*Bayne, supra,* the court, in holding that section 20 of the
Limitation act was retrospective in its operation, said that
the plaintiff, because barred by the Statute of Limitations
of Maryland, could not have maintained· an action there,
and that "under the laws of that State he had no cause of
action, nor had he any here until the debtor should come
into this State. A suit here would have been no more
availing than in Maryland, without service or appearance
by the defendant. The appellee's right of action was gone
there, and he could have none here until appellant came
within the jurisdiction of our courts." What was thus said

must be limited to the facts presented by the record and the question before the court, which was the authority of the legislature to declare that actions should not be maintained· in the courts of this State upon demands barred by the laws of another State and to make such declaration applicable to demands already so barred.

In the *Hyman case* there arose, in addition to the point just mentioned, a question on the fourth plea, which set up the Statute of Limitations of sixteen years, which was in force at the time the cause of action accrued though the statute of 1872 was in force when the suit was begun. To a replication that the defendant had not been within the State sixteen years altogether since the cause of action accrued, the defendant rejoined that at the time and ever since the cause of action accrued both the plaintiff and the defendant had been non-residents of Illinois. ·The court holds that under such circumstances the cause of action was not included in the saving clause of the act of ·1845. Where the defendant was out of the State at the time the cause of action accrued, or afterward, that clause gave the plaintiff liberty to sue after the defendant's return. It was held that the plain and unmistakable import of the language was; that when the debtor resides out of the State and ·the cred-. itor is a non-resident, the statute creates a bar to the action. Referring to the differing decisions of other courts, it is said that "the courts holding such cause of action is not included in such a saving clause seem to us to have adopted the ·true construction and supported it by the sounder. reason, and hence we are inclined to adopt it as a basis of decision."

Under the language of section 15 this claim is barred. If either party had resided in the State at the time the cause of action accrued it would be saved ·by. section 18. But that section expressly provides that it shall not apply when neither party was a resident of the State when the cause of action accrued.

For error in refusing to hold the Statute of Limitations to be a defense, the judgments of the Appellate Court and the circuit court are reversed and the cause remanded to the circuit court. *Reversed and remanded.*