**WINROD v. MacFADDEN PUB-LICATIONS, Inc.**

No. 10224.

United States Court of Appeals, Seventh Circuit.

Feb. 8, 1951.

Rehearing Denied March 19, 1951.

L. H. Vogel, George C. Bunge,.Chicago, Ill., for appellant.

Loy N. McIntosh, Kenneth B. Kirk, Chicago, Ill. (Gann, Secord, Stead & McIntosh, Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, and KERNER, and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

On August 4, 1943, the appellant, Gerald B. Winrod, brought this suit to recover damages arising from the publication and distribution of an alleged libelous article in a weekly magazine known as "Liberty," published and distributed by the appellee corporation, MacFadden Publications, Inc. The action was originally filed in the Superior Court of Cook County, and be-

cause of diversity of citizenship, was removed to the District Court of the United States for the Northern District of Illinois, Eastern Division.

The complaint alleged that during the month of August 1942, the defendant published its certain issue of said Liberty magazine, which issue bore date of August 8, 1942, copies of which issue were distributed and sold by the defendant in Cook County, Illinois, in all of the states of the United States, and in many foreign countries; that in said issue of said Liberty magazine, bearing date of August 8, 1942, defendant composed, published and distributed, concerning the plaintiff, "false, malicious and defamatory matter." The alleged defamatory matter is set forth in the complaint, and it is charged that the defendant meant thereby, and maliciously intended, and was understood to mean by persons reading the said article, that the plaintiff was disloyal to the United States and was a traitor to his country, and that he was a Nazi agent. Plaintiff prayed judgment for $100,000 actual damages and an additional $100,000, punitive damages.

Defendant answered and set up:

First, The Statute of Limitations, Chap. 83, Sec. 14 of Illinois Revised Statutes of 1943, alleging that copies of the August 8, 1942 issue of Liberty magazine were placed in the United States mail for delivery to regular subscribers on July 18, 1942, and were placed on sale and sold at newsstands and periodical counters throughout the United States on July 29, 1942, more than one year prior to August 4, 1943 when the action of plaintiff was filed;

Second, That the publication complained of is not actionable "per se," and

Third, That the allegations on the merits in the complaint are not true.

After filing this answer the defendant moved for a summary judgment, which motion was denied by the District Court on September 17, 1945. See Winrod v. MacFadden Publications, Inc., D.C., 62 F.Supp. 249.

In that decision, 62 F.Supp. 249, the District Court held that so far as the complaint was based upon the original publica-

tion by the defendant, or with reference to sales of the August 8 issue of Liberty magazine by persons other than defendant, the complaint would not lie. The court said, 62 F.Supp. on page 253:

"* * * the only cause of action upon which plaintiff may base his suit is upon the copies sent out subsequent to August 4, 1942. Upon that question the plaintiff's cause of action must stand, and upon that question plaintiff is entitled to a trial herein.

"The order of the court will be that the motion for summary judgment be denied, with leave to plaintiff if he so desires to amend his complaint."

On October 14, 1948, the plaintiff filed an amendment to his complaint, which so far as it is material on this appeal, alleged: "That in the months of July and August, 1942, the defendant published its certain issue of said Liberty magazine, which issue bore date of August 8, 1942, and sold and distributed copies of said issue of Liberty magazine in Cook County, Illinois, in all of the states of the United States, and in many foreign countries; that between July 29 and August 4, 1942, inclusive, and on each of said days, and for several weeks thereafter, the defendant by itself and its agents and employees and through dealers and distributors, distributed and sold, and procured and caused to be distributed and sold, large numbers of copies of said Liberty magazine to diverse and sundry persons in Cook County, Illinois, and in each of the states of the United States, and in the Dominion of Canada, and in many foreign countries; that in said issue of said Liberty magazine bearing date of August 8, 1942, the defendant composed, published and distributed concerning the plaintiff false, malicious and defamatory matters * * *."

Defendant amended its answer, adopting its former answer in its entirety and specifically denying the above allegations.

In the meantime, and on April 14, 1948, the Appellate Court of Illinois in and for the First District, Second Division, released for publication its opinion in Winrod v. Time, Inc., 334 Ill.App. 59, 78 N.E.2d 708. Leave to appeal from this opinion was denied by the Supreme Court of Illinois, 336 Ill.App. XIV.

In an annotation: "Publication of libel for the purposes of the Statute of Limitations, 1 A.L.R. (2d) 384, the editor says in a note: (p. 393) "After an exhaustive examination of the authorities involving the factual situation mentioned (sending out additional copies after original publication) in the text, and other pertinent cases, the court in Winrod v. Time, Inc., 334 Ill. App. 59, 78 N.E.2d 708, which involved the text situation, expressly recognized that there is a line of judicial reasoning supporting the application thereto of the traditional view that each independent publication of a libel creates a new cause of action for purposes of the running of limitations, but deliberately adopted the so-called 'single publication' rule."

■ The Illinois Appellate Court said in the Winrod case, 334 Ill.App. on page 72, 78 N.E.2d on page 714: "The choice is thus cast between the reasoning of the dissenting opinion in Wolfson v. Syracuse Newspapers, Inc. [279 N.Y. 716, 18 N.E.2d 676], which was adopted by the District Judge in Winrod v. MacFadden Publications [D.C., 62 F.Supp. 249], and the vast majority of cases which hold that the release of miscellaneous copies incidental to the general publication either through the mail or on newsstands does not constitute a new publication or create a new cause of action. We prefer the reasoning of the majority decisions. The interval of time or a separate sale should not be the sole determining factor whether the article is a republication or a repetition of the defamatory material."

■ Since federal jurisdiction in this case depends on diversity only, we are bound to follow the rule announced in Winrod v. Time, Inc., 334 Ill.App. 59, 78 N.E.2d 709, leave to appeal denied, 336 Ill.App. XIV; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

On October 14, 1948, the following order was entered by the District Court:

"The parties having waived trial by jury with respect to the issue of statute of lim-

itations only, and agreed in open court to the separate trial thereof,

"It is Hereby Ordered that the issue of statute of limitations shall be tried separately by the court sitting without a jury; that all other issues of which trial shall be necessary shall be tried by a jury at a later date, and that the separate trial of said issue of the statute of limitations is hereby set for Wednesday, October 20, 1948."

The hearing on the separate trial on the limitations issue was held on April 25, 1949. On May 18, 1950, the District Court adopted the suggested findings of fact and conclusions of law proposed by the defendant, and also the order for dismissal of the cause submitted by defendant. The matter, however, was continued until May 25, 1950, on plaintiff's motion.

On May 25, 1950, the court entered the following findings of fact:

"1. The defendant had completed distribution of the August 8, 1942 issue of "Liberty" magazine on July 29, 1942.

"2. The plaintiff has submitted no evidence showing the sale, mailing or delivery by defendant of a single copy of the August 8, 1942 issue of "Liberty" magazine after July 29, 1942, said latter date being the final publication date.

"3. That this action was commenced on August 4, 1943, by the filing of a complaint in the Superior Court of Cook County, Illinois."

The Limitations Act of Illinois provides that actions for slander or libel shall be commenced within one year after the cause of action accrued. Smith Hurd's Ill. Ann.Stat. Ch. 83, Sec. 14.

The Supreme Court of Illinois said in Davis v. Munie, 235 Ill. 620, on pages 621–622, 85 N.E. 943, on page 944:

"Statutes of limitation are statutes of repose, intended to prescribe a definite limit of time within which the remedies included within their provisions must be prosecuted. They are designed to afford security from stale demands, when, from lapse of time, death of witnesses, failure of memory, loss of vouchers, and other causes, the true state of the transactions may be incapable of explanation and the rights of the parties cannot be satisfactorily investigated. Whether the cause of action has accrued within or without the state, the reason for the statute is the same, and the legislature has seen fit to make no distinction.

" * * * The statute itself has fixed the time when the cause of action accrues. This expression is not one of doubtful meaning. It means when facts exist which authorize one party to maintain an action against another."

In the face of this Statute and in disregard of the decision of the Appellate Court of Illinois, on April 14, 1948, adopting the so-called "single publication" rule, the plaintiff six months later, on October 14, 1948, amended his complaint so as to charge that between July 29 and August 4, 1942, inclusive, and on each of said days, and for several weeks thereafter the defendant "distributed large numbers of said Liberty magazine, etc."

On the same day, after answer to the amended complaint was filed, he stipulated that the issue of the Statute of Limitations be tried separately by the court without a jury.

Such separate trial has been had and the court found from the testimony and exhibits that the plaintiff has submitted no evidence showing the sale, mailing or delivery by the defendant of a single copy of the August 8, 1942 issue of "Liberty" magazine after July 29, 1942, said date being the final publication date.

This finding is supported by substantial evidence; in fact, it is, in our opinion, the only possible finding that could be made on the evidence produced at the hearing on the limitations issue.

There has been a complete failure to sustain plaintiff's allegation that after the publication of the alleged libelous matter on July 29, 1942, there was a republication in any state, or possession of the United States, or in any foreign country.

The judgment of the District Court is affirmed.

KERNER, Circuit Judge, concurs in the result.