(No. 5052-

LEONARD BENVENUTI AND MARY BENVENUTI, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1965.*

PERONA AND PERONA and TOBIAS G. BARRY, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; JOHN C. CONNERY, Special Assistant Attorney General, for Respondent.

DOVE, J.

The facts of the case are as follows:

Leonard Benvenuti and Mary Benvenuti are the owners of a parcel of real estate, which measures approximately 80 by 138 feet, and is located at the northeast corner of Center and Plain Streets, Peru, Illinois. The real estate is improved with a two-story imitation brick building, the upper story of which is a three-bedroom flat, and is the claimants' residence. Claimants purchased the premises in 1934, and have since that time made the flat their residence. Except from 1950 for the period to 1958, they have operated the lower floor as a restaurant and tavern.

In December of 1955, the first of several contracts was

awarded for a highway bridge and cloverleaf improvement located immediately to the east and north of claimants' property. Construction on the bridge was stopped on June 16, 1956, and it was opened to traffic by June of 1962. The completed construction rises 30 to 35 feet above the ground level of claimants' property, and is built upon a dirt fill. Claimants' direct access to the highway was lost when Plain Street was closed as part of the construction of the cloverleaf.

It appears from the pleadings and evidence that claimants suggest they incurred damages of almost every conceivable type as a consequence of this highway improvement, including loss of business profits, reduction in the value of their real estate, change of water course, trespass by State employees, 2, 4-D spray damage to their garden, and damages to the roof of the building caused by the debris thrown from the bridge by persons unknown.

Most of the facts appear to be supported by photographs, which were introduced in evidence. It further appears from the evidence that there were a number of storms or heavy rainfalls during the course of construction, particularly in 1962, which caused surface water carrying dirt and debris to flow in and about claimants' premises from the earthen embankments. It also appears that the Department of Public Works and Buildings did in August of 1962 construct a concrete ditch at the foot of the cloverleaf, immediately to the north of claimants' property, to divert surface water around and along the west right-of-way of the bridge.

Proofs regarding the loss of market value are in conflict, but the evidence does establish loss of market value beyond any doubt, which we find to be $4,000.00.

Respondent's suggestion that the Statute of Limitations is at least a partial defense to this action is unfounded. This

was a continuing claim, which began in 1956, and the entire project must be considered as one improvement. (*Kershaw* vs. *State of Illinois*, 21 C.C.R. 389.)

From the evidence, the Court finds that claimants have suffered damages in the amount of $4,074.00, consisting of $4,000.00 for loss of market value of the real estate, and $74.00 for plants destroyed in August of 1960 by 2, 4-D spray.

An award is, therefore, made to claimants, Leonard Benvenuti and Mary Benvenuti, in the sum of $4,074.00.