Amy Sarro, Plaintiff-Appellant, v. Thomas Maupin, Avis Rent-A-Car, Paul Groke and The National Education Association of the United States, Defendants-Appellees.

Gen. No. 54,245.

First District.

June 12, 1970.

Davis, Dietch & Ryan, of Chicago (Arthur F. Cichorski, of counsel), for appellant.

P. Sveinbjorn Johnson, Richard C. Bleloch, and Thomas E. Cusick, of Chicago, and Dunn, Dunn, Brady, Goebel, Ulbrich & Hayes, of Bloomington (William M. Goebel, of counsel), for appellees.

STOUDER, J.

Plaintiff-Appellant, Amy Sarro, commenced this action in the Circuit Court of Cook County seeking damages on account of personal injury against Defendants, Thomas Maupin, Paul Groke, National Education Association, hereafter referred to as NEA and Avis Rent-A-Car. Motions for summary judgment in favor of all defendants except Avis Rent-A-Car were granted by the trial court from which judgment the plaintiff has appealed, the trial

court having certified that no just reason existed for delaying appeal.

The facts are undisputed. Plaintiff was injured in an automobile collision which occurred on August 14, 1964, in Ontario, Canada. The plaintiff, a resident of New Jersey, was a member of a student tour organized by NEA which traveled in cars leased from Avis Rent-A-Car. Plaintiff was a passenger in the car which at the time of the collision was operated by defendant Maupin. Defendant Groke had some connection with the tour but his status is not clear from the record.

This action was filed in the Circuit Court of Cook County on August 12, 1966. At the time of the collision and at all times subsequent thereto plaintiff was a resident of New Jersey, defendants Maupin and Groke were residents of Illinois and NEA was alleged to be a resident of Illinois, although it filed a limited appearance asserting the contrary, which motion was never ruled upon. By appropriate motions the defendants alleged that the action was not commenced within one year as required by the Statutes of the Province of Ontario, Canada. Furthermore, according to defendants, Ill Rev Stats 1963, c 83, § 21, makes the one year Ontario limitation statute applicable rather than the two year Illinois limitations statute. The trial court agreed with such assertion and dismissed the complaint.

On appeal plaintiff argues the trial court erred in its interpretation and application of Ill Rev Stats 1963, c 83, § 21, and argues that such Section is not applicable to the undisputed facts.

Ill Rev Stats 1963, c 83, § 21, provides, "When a cause of action has arisen in a state or territory out of this state, or in the foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state." All parties agree that the Ontario Statute of Limitations requires that the action be brought within

28

twelve months and further that neither the extra-territorial service of process statute of Ontario nor any possible tolling of the Ontario statute is involved in the instant case.

■■ The general rule is that the law of the forum governs the procedure in a case. Wetzel v. Hart, 41 Ill App2d 371, 190 NE2d 619. Chapter 83, Ill Rev Stats 1963, declares the law of the forum regarding the limitation of time in which actions may be commenced. Ill Rev Stats 1963, c 83, § 15, provides that actions for personal injuries must be commenced within two years. Section 21 quoted above, precludes actions in this State where the action arose in another state and where the action could not be brought in such state because of the lapse of time. Plaintiff argues that Sec 21 is inapplicable and therefore the action was properly brought since within the time specified by Sec 15.

Plaintiff argues that Sec 21 can only be applicable when both of the parties were nonresidents of this state at the time the cause of action arose or accrued. Such a limitation does not appear in Sec 21 itself and as authority for the proposition plaintiff relies almost entirely on Delta Bag Co. v. Leyland & Co., 173 Ill App 38. She also cites Chicago Mill & Lumber Co. v. Townsend, 203 Ill App 457, Davis v. Munie, 235 Ill 620, 85 NE 943 and Wooley v. Yarnell, 142 Ill 442, 32 NE 891.

The Delta Bag case in its operative facts is quite similar to the case at bar. Plaintiff claimed that its personal property sustained damages on account of the negligence of the defendant while such property was on a steamship of the defendant. Defendant contended that the claim arose in Louisiana which had a one year statute of limitations while plaintiff insisted that the five year limitation period of Illinois was applicable. Defendant was, at the time of the injury to the property and at the time of filing suit, a resident of Illinois, the action having been brought more than one year but less than five years from

29

the date of injury. The court held section 20 (now section 21), c 83, Ill Rev Stats 1872, inapplicable because the parties (at least the defendant) were not nonresidents of Illinois at the time the action arose.

The Delta Bag case is clear in its reason for rejecting the applicability of Sec 21. Nevertheless the question remains whether the rule announced is supported either by the authorities relied upon or other applicable rules. The trial court declined to follow the rule announced in the Delta Bag case and held that Sec 21 was applicable and that plaintiff's claim was barred as a consequence thereof. We believe the trial court was correct in its determination.

██ Several basic rules can be deduced from a review of the cases cited in Delta Bag, namely Davis v. Munie, 235 Ill 620, 85 NE 943, Hyman v. Bayne, 83 Ill 256, McGuigan v. Rolfe, 80 Ill App 256, Wooley v. Yarnell, 142 Ill 442, 32 NE 891 and Humphrey v. Cole, 14 Ill App 56. If the cause of action arises in Illinois and the defendant removes his residence to another state, Section 20 (now 21) is inapplicable because the Illinois tolling statute comes into effect. Wooley v. Yarnell, supra and Humphrey v. Cole, supra. If the cause of action arises outside the State of Illinois two consequences are possible. First, Section 20 may be applicable and if the limitation period in such foreign jurisdiction is shorter than the applicable Illinois limitation the action may be barred if sufficient time has elapsed in the jurisdiction where the action arose. Hyman v. Bayne, supra. Second, if the cause of action arises outside the State of Illinois but action is not barred in such state the Illinois limitation period begins to run from the date the cause of action accrued rather than the date when the defendant comes within the jurisdiction of Illinois. McGuigan v. Rolfe, supra and Davis v. Munie, supra. See Bemis v. Stanley, 93 Ill 230. Combining the foregoing rules it may be said that if the only cause of action arises in a foreign jurisdiction Section 20 (now

21) will operate as a bar to an action in this State if the action is barred in such foreign jurisdiction.

All of the cases cited in the Delta Bag case involve causes of action based on contract. Where actions are based on contract the cause of action may arise or accrue in several states at the same time depending upon the facts and the relation of the parties to such states. For instance, with respect to a note the cause of action may arise in the state of the maker's residence at the time of maturity of the note, (Wooley v. Yarnell, 142 Ill 442, 32 NE 891) or in the state of the payee's residence at the time of maturity or in the state where the obligation is payable, (Story v. Thompson, 36 Ill App 370). Thus the likelihood is great that where neither party resides in Illinois the cause of action will not have accrued in Illinois. The residency of the parties is only material in the determination as to where the cause of action accrued and it is this latter fact rather than the residency of the parties which determines the applicable limitation period.

Chicago Mill & Lumber Co. v. Townsend, 203 Ill App 457, cited by plaintiff, illustrates how confusion may arise. In this case the action was brought for breach of warranty contained in a warranty deed executed and delivered in Illinois conveying land in Arkansas. It appears that the defendant was a resident of Illinois at the time of the execution of the deed and thereafter until the action was filed. Defendant urged that the five year Arkansas statute of limitations operating through Section 20 (now 21), barred the action while plaintiff claimed that the Illinois ten year statute was applicable. The court rejected the application of Section 20 with the observation that the parties were not nonresidents at the time the action arose. With equal justification the court could have rejected the application of Section 20 for the

reason that the plaintiff's cause of action accrued in Illinois.

In summarizing the authorities cited, it is our opinion that they do not lay down any general proposition that both parties must be nonresidents of this State at the time of the accrual of the cause of action before Section 21 may be applicable. The observations of the courts concerning nonresidency are made primarily for the purpose of aiding in the determination of whether the cause of action arose in Illinois. If so then by virtue of the tolling statute, neither nonresidency nor the period of limitations of some other state could bar the action in Illinois. If on the other hand the court determines that the cause of action did not arise in Illinois then Section 21 may be applicable.

In the case at bar there is no contention that plaintiff's cause of action arose in Illinois but on the contrary it is undisputed that her cause of action arose in Ontario, Canada. Therefore as required by Section 21, plaintiff's cause of action arose in another jurisdiction and the effect of the Ontario limitation statute operates to bar this action because the action could not have been brought in Ontario.

For the foregoing reasons we find no error in the judgment of the Circuit Court of Cook County and therefore such judgment is affirmed.

Judgment affirmed.

RYAN, P. J. and ALLOY, J., concur.