(No. 82-CC-0349 )

AL BARNES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 10, 1984.*

LYNN CHIPPERFIELD and MICHAEL B. SMALLWOOD, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN L. GILBERT, Special Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This matter comes before the Court on Respondents' motion to dismiss Counts I and II of Claimant's amended complaint. Although Claimant presents several issues for review, we need only to determine whether this claim is barred by the applicable statute of

limitations. The resolution of that issue is dispositive of this claim. Therefore, we find it unnecessary to address the additional issues raised.

On August 21, 1981, Claimant, Al Barnes, filed a complaint against Respondents, Southern Illinois University at Edwardsville (SIE-E) and A. R. Howard, alleging Claimant suffered great monetary loss because he was wrongfully classified for a civil service position. An amended two-count complaint seeking damages for a breach of contract was filed on April 15, 1983. Count I seeks recovery for monetary damages. Count II seeks recovery for punitive damages. The amended complaint seeks recovery under section 8(b) of the Court of Claims Act. Ill. Rev. Stat. 1983, ch. 37, par. 439.8(b).

Claimant alleges the following: that he became an employee of SIE-E, pursuant to the request and hiring of A. R. Howard on January 1, 1969, and continued until August 31, 1981; that he was paid well below the compensation generally paid for his type of work as "a manager of sports publicity", in violation of "An Act to create the State Universities Civil Service System" (Ill. Rev. Stat., ch. 24½, par. 38b3), which provides for equal pay for equal work generally paid in the locality, thus resulting in loss of wages to Claimant of $117,345.00.

Claimant further alleges that during this entire period he performed the duties of a manager of sports publicity pursuant to the instructions of SIU-E and Howard and made numerous inquiries of "defendant Howard and many SIU-E employees and representatives" as to his correct classification; that they refused to give him a proper examination to place him in the aforesaid category of manager of sports publicity; that on one occasion after his employment commenced in 1969, representatives in the particular department

advised him that such position did not exist; that Respondent, Howard, informed him at the time of commencement of his employment, that in approximately six months, his compensation would be raised to the common guild scale in the area, which raise he never did receive; that the conduct of Respondents constituted an attempt to defraud Claimant of his rightful classification within the Civil Service System of the State and was "willful, malicious and culpably negligent." Based upon the aforesaid averments, Claimant seeks punitive damages of $500,000.00 in Count II of the amended complaint. *The issue to be decided is when Claimant's cause of action accrued.* (Emphasis supplied.)

The record does not disclose in what capacity A. R. Howard serves the University, nor the approximate dates Claimant made his "numerous inquiries" or to whom they were made, when, where and how, and such other information which would disclose all facts that would be pertinent.

In its motion to dismiss, Respondents argue that Counts I and II, on their face, clearly sound in tort as contemplated under section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.8(d)), notwithstanding Claimant's allegation that said counts are brought in contract. Respondents further argue that the claim was not timely filed and is forever barred from prosecution, having not been filed within the time limit set forth in section 22(g) of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.22(g)). This statute requires all claims to be filed within two years after they first accrue. Further, Respondents argue that on the face of the complaint, the claim first accrued on January 1, 1969. Respondents argue that since Claimant pleads that "from time to time, he made numerous inquiries of the

Respondent", he was aware that his claim first accrued on January 1, 1969, and accordingly, failed to file a timely claim. Respondents further contend that, assuming *arguendo*, without admission, recovery is sought under section 8(b) of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.8(b)) in contract, this claim would still be barred under section 22(a) of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.22(a)), having been filed more than five years after it first accrued on January 1, 1969.

Claimant, in his objections to the motion to dismiss, complains of a continuing injustice which began on January 1, 1969, and ended with his leaving his employment on August 31, 1981, contending that his claim is a continuing claim and as such that the statute of limitations is not a defense, citing *Benvenuiti v. State*, 25 Ill. Ct. Cl. 207; *City of Chicago v. State*, 4 Ill. Ct. Cl. 345. Further, Claimant argues that in light of the fact this action was filed immediately after the continuing injustices came to an end, and it is irrelevant for the purposes of limitations whether the claim sounds in contract under section 8(b) (five-year limitation) or in tort under section 8(d) (two-year limitation) of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, pars. 439.8(b),(d)).

We have carefully examined the pleadings and record as they relate to the issue to be determined by this Court and find as follows:

The Claimant's pleadings are replete with allegations that Respondents' conduct was wilful, malicious and culpably negligent, as well as Respondents' failure to advise Claimant as to information relative to his position. Obviously, the aforesaid earmarks this claim as one in tort arising out of a contractual relationship of

employment which would be governed by the two-year limit for filing a claim from the time it first accrues. Ill. Rev. Stat. 1983, ch. 37, par. 439.22(g).

A brief outline of recent Illinois decisions with regard to when a cause of action accrues so as to mark the beginning of the limitations period is warranted. The rule is that in a tort action arising out of a contractual relationship, the statute of limitations commences to run at the time the breach of duty first occurs. (*Sabath v. Morris Handler Co.*, 102 Ill. App. 2d 218, 243 N.E.2d 723; *Aetna Life & Casualty Co. v. Lubianco*, 43 Ill. App. 3d 765, 357 N.E.2d 621.) From the facts alleged by Claimant in the case at bar, the Respondents' breach of duty occurred no later than six months from January 1, 1969, when he did not receive his increase as stated by Respondent Howard, which, although not clear from the record, could have been the terms of employment. If not at that date, certainly it can be concluded that at the dates of the numerous inquiries made by Claimant with regard to his classification, his dissatisfaction was apparent, and in his mind, there was a breach of duty on the part of Respondents.

Further, there can be no denying the fact that the breach was a serious one inasmuch as the resultant underpayment of compensation was a substantial amount of 75 percent of his promised pay as related to his actual compensation received. (Exhibit "A" of amended complaint.) There can be no denying the fact that Claimant's substantial underpayment received by him in his second or third paycheck gave him an immediate cause of action.

We do not agree with Claimant's contention that his claim is a continuing one and that the cases decided by this Court (*Benvenuiti v. State, supra; City of Chicago v.*

*State, supra*) support his contention. The cases so cited involved contracts for the construction of public works projects and the furnishing of utilities to a municipality, in which cases this Court held that because of the very nature of the contract there had to be a completion of the contract before the statute would toll, and such rule was specifically applicable in cases of public works projects and in furnishing of utilities to municipalities on a contract basis, to be considered as a whole.

The Claimant's contention that his claim is a continuing one is untenable, because, if otherwise, a statute of limitations might never commence to run and actions could be filed 15 or 20 years from the date a claim first accrues. The need and purpose for such statutes was well stated in *Isham v. Cudlip*, 33 Ill. App. 2d 254, 179 N.E.2d 25:

"The purpose of the statute of limitations is to require litigation to be brought at a time which would permit facts to be provided with some certainty and before they become obscure by reason of lapse of time."

From the foregoing facts it is apparent that Claimant was well aware that his rights were wrongfully invaded as early as 1969, and he should have exhausted all of his administrative remedies and filed his claim in 1969 when his cause of action first accrued. (Ill. Rev. Stat., ch. 37, par. 439.24-5.) Normally, a cause of action accrues when the party entitled thereto could first institute an action and the statute of limitations begins to run from that time. (*Meyers v. Green*, 5 Ill. App. 3d 316, 284 N.E.2d 349; *Kozasa v. Guardian Elec.*, 99 Ill. App. 3d 669, 425 N.E.2d 113; *Davis v. Munie*, 235 Ill. 620, 85 N.E. 943.) The mere fact that the extent of damages is not immediately ascertainable does not postpone the accrual of the claim. *Austin v. House of Vision*, 101 Ill. App. 2d 251, 243 N.E.2d 297.

Count II is dismissed as punitive damages are not recoverable under a contract action.

For all of the foregoing reasons, it is the finding of this Court that since the claim was not filed within the period provided for by statute, the Respondents' motion to dismiss is in order, and the claim is hereby denied.